**FOR PUBLICATION**

FILED

Jan 14 2015, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RICHARD R. FOX**
**KRISTI FOX**
**STEVEN A. GUSTAFSON**
The Law Office of Richard R. Fox
New Albany, Indiana

ATTORNEYS FOR APPELLEES:

Attorneys for Indiana Insurance Co.
**JOHN C. TRIMBLE**
**LEWIS S. WOOTEN**
**MICHAEL R. GIORDANO**
Lewis Wagner LLP
Indianapolis, Indiana

Attorneys for C&F Insurance, LLC and
Bart Stith
**RICHARD T. MULLINEAUX**
**CRYSTAL G. ROWE**
**ASHLEY GILLENWATER EADE**
Kightlinger & Gray, LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER SCHMIDT, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1403-PL-135 |
| | ) | |
| INDIANA INSURANCE COMPANY, | ) | |
| C&F INSURANCE GROUP, LLC, and | ) | |
| BART STITH, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan L. Orth, Judge
Cause No. 22D01-1104-PL-455

**January 14, 2015**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Christopher Schmidt appeals summary judgment for Indiana Insurance, C&F Insurance Group, and Bart Stith (collectively, "Appellees"). He presents multiple issues for our review, which we consolidate and restate as whether the trial court erred in granting summary judgment because there were genuine issues of material fact. We reverse in part, affirm in part, and remand.

**FACTS AND PROCEDURAL HISTORY[1]**

In December 2004, Schmidt inherited property that included a house at 1526 E. Oak Street in New Albany, Indiana ("the Oak Street Property"). He allowed his cousin to live in the house and did not obtain insurance on the property at that time. In early 2009, Schmidt's cousin moved out of the residence. Approximately two months later, Schmidt started receiving calls from the police department and animal control about animals left on the property and odors emanating from the house.

On July 1, 2009, the local animal control agency was called to the Oak Street Property. Animal Control Officer Carrie Mooser observed:

> Looking through side door window, house appears to be full of trash, debris, furniture. Feces and garbage is apparent covering floor. Smell coming from inside house is foul and unbearable to breathe in. Can see two dogs inside house, both appear to be extremely emaciated. Upon entering house, securing both dogs in ACO truck. Dogs are covered in fleas and walking through house and yard, I quickly became covered in fleas, to the point of extreme discomfort from flea bites. In back room of house, off kitchen, found a dead dog, also covered with fleas.

(App. at 105.) Based on these discoveries, the Floyd County Health Department investigated

on the same day and determined the house was unfit for human habitation. After the house was condemned, no one was permitted to enter unless they were cleaning it. Schmidt indicated he began cleaning the premises at some time after the condemnation.

In April 2010, Schmidt contacted Stith, who was an agent with C&F Insurance Group, about purchasing insurance for the Oak Street Property. Stith and Schmidt met, and Stith asked Schmidt a series of questions, which he entered into a computer database that generated a "Dwelling Fire Application" with Indiana Insurance. The application indicated the Oak Street Property was "a primary dwelling occupied daily by a tenant" and was not undergoing "renovation or construction[.]" (*Id.* at 261.) Schmidt indicated Stith was a "very meticulous person," (*id.* at 181), and Stith went over the contents of the application with him. Stith testified he saw Schmidt sign the application.[2] Based on the application Stith submitted for Schmidt, Indiana Insurance issued Schmidt a dwelling fire policy for the Oak Street Property.[3]

On June 22, 2010, the Oak Street Property burned while Schmidt was on vacation with his family in Florida. Schmidt immediately reported the loss to Indiana Insurance. Indiana Insurance issued a Reservation of Rights letter because it suspected arson. On February 26, 2011, after conducting an investigation, Indiana Insurance notified Schmidt that it had "decided to exercise its right to rescind this policy and render it void *ab initio* (from the

---

[1] We held oral argument November 21, 2014, in French Lick, as part of the Defense Trial Counsel of Indiana (DTCI) Conference. We thank DTCI and French Lick Springs Hotel for their hospitality and commend counsel for the quality of their oral advocacy.
[2] Stith died before the trial court entered judgment.
[3] At some point during the meeting, Schmidt also applied for and purchased vehicle insurance and homeowners insurance for his primary residence.

3

beginning)" because Schmidt had falsified information on the application regarding the tenancy and habitability of the property. (*Id*. at 261.) Indiana Insurance returned the premiums Schmidt had paid on the policy.

On April 1, 2011, Schmidt sued Stith, Indiana Insurance, and C&F, alleging Stith and C&F (collectively, "Agents") "falsely and wilfully or negligently made false representations as to the occupancy status of the house" on his application for insurance. (*Id*. at 11.) Schmidt alleged he was entitled to damages under the Crime Victims Relief Act because Agents engaged in forgery and insurance fraud. Finally, Schmidt asked the trial court to require Indiana Insurance to reinstate the insurance on the Oak Street Property and pay his claim.

On May 25, 2011, and June 13, 2011, Agents and Indiana Insurance answered. On June 20, 2013, Agents moved for summary judgment, and on June 28, Indiana Insurance did the same. Schmidt responded, and on February 28, 2014, the trial court held a hearing on the matter. On March 11, 2014, the trial court granted summary judgment for Appellees, finding:

> 1.      Indiana Law is clear that a "material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option. *Colonial Penn Ins. Co. v Guzorek*, 690 N.E. 2d 664, 672 (Ind. 1997).
> 2.      Plaintiff's claim was properly denied because of the representation made to Indiana Insurance Company that the property would be tenanted and was not undergoing renovations at the time the insurance was issued and that such misrepresentation was material.
> 3.      Further, Plaintiff failed to respond to Defendants' argument that even if he did not make the misrepresentations in his application, he still failed to prove the essential elements of causation and damages to proceed with his negligence claim.

4.	Plaintiff failed to provide by evidence or statement that any insurance company would have issued a policy on a house in its state and condition.

5.	Without proof of these key elements, there are no genuine issues of material fact.

(*Id*. at 8-9) (errors in original).

## DISCUSSION AND DECISION

Our standard of review for summary judgment is well-established:

> We review summary judgment *de novo*, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id*. (internal citations omitted).
>
> The initial burden is on the summary-judgment movant to "demonstrate the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id*. at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Therefore, for the trial court to properly grant summary judgment, the movants must have "made a *prima facie* showing that their designated evidence negated an element of the nonmovants' claims, and, in response, the nonmovants must have failed to designate evidence to establish a genuine issue of material fact." *Cox v. Mayerstein-Burnell Co., Inc.*, 19 N.E.3d 799, 804 (Ind. Ct. App. 2014).

"Summary judgment should not be granted when it is necessary to weigh the evidence."

*Bochnowski v. Peoples Fed. Sav. & Loan Ass'n*, 571 N.E.2d 282, 285 (Ind. 1991).

In *Hughley*, the State moved for summary judgment in a civil case involving the forfeiture of cash and a vehicle seized during Hughley's arrest. In response, Hughley filed an affidavit indicating the cash and vehicle were not used to commit the crimes for which he was convicted, and thus should not be forfeited. Our Indiana Supreme Court held:

> That evidence is sufficient, though minimally so, to raise a factual issue to be resolved at trial, and thus to defeat the State's summary-judgment motion. An issue of material fact "is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth." Defendant's designated evidence clears that low bar. The State's designations establish a circumstantial case . . . that Defendant's substantial cash was proceeds of or used for dealing. But his sworn testimony by affidavit is direct evidence to the contrary, and so the fact finder must reconcile the credibility of those two accounts.

*Hughley*, 15 N.E.3d at 1004-5 (citations omitted).

1.  Agents

Schmidt argues the Agents negligently procured the insurance policy for him and forged his signature on the application for insurance. In their motion for summary judgment, Agents argued Schmidt "made material misrepresentations in his insurance application." (App. at 59.) In support of their arguments, Agents cited to portions of Stith's deposition where he testified Schmidt did not tell him the property was uninhabitable and he witnessed Schmidt sign the application for insurance, thereby indicating Schmidt's answers were "true, complete, and correct." (*Id*. at 61.) Agents asserted they would not have submitted the application if Schmidt had indicated the true state of the property and, thus, they are entitled

6

to judgment as a matter of law.[4]

Schmidt designated portions of two of his depositions, statements in his Verified Complaint, and the materials that were part of the Agents' motion for summary judgment, in support of there being an issue of material fact about whether he told Stith of the condition of the property and whether he signed the insurance application. In his depositions, Schmidt indicated he told Stith the house was not occupied, he was cleaning it up, and there had been animals on the premises. Schmidt testified he did not remember signing the insurance application.

As Schmidt designated additional evidence that created genuine issues of material fact, that is, whether he told Stith about the condition of the property and whether someone forged his signature on his application, summary judgment is precluded. *See Hughley*, 15 N.E.3d at 1004-5. Accordingly, we reverse the summary judgment for Agents and remand for further proceedings.

2.      Indiana Insurance Company

In his Verified Complaint, Schmidt argued Indiana Insurance wrongfully denied his claim, and he asked that his policy be reinstated so that Indiana Insurance would provide coverage for his fire claim. In its motion for summary judgment, Indiana Insurance argued it properly denied Schmidt's claim, properly rescinded the policy, and acted in good faith when doing so. In *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 674 (Ind. 1997), our

---

[4] Alternatively, Agents argued Schmidt did not show he was harmed by any negligence on Agents' part, as no carrier would have issued insurance on the Oak Street Property given its condition at the time of the application. As we conclude summary judgment was improperly granted, we need not consider this issue.

Indiana Supreme Court held "the insurer may rely on representations of fact in the application without investigating their truthfulness" and "has no duty to look beneath the surface" of the representations made in the application. Schmidt did not respond to Indiana Insurance's Motion for Summary Judgment. Thus, *Hughley* does not apply, and summary judgment was appropriate for Indiana Insurance based on *Guzorek*.

**CONCLUSION**

Summary judgment was not proper for Agents because Schmidt designated evidence that gave rise to a genuine issue of material fact. However, as Schmidt did not do so in response to Indiana Insurance's motion for summary judgment, summary judgment for Indiana Insurance was proper.

Reversed in part, affirmed in part, and remanded.

NAJAM, J., and PYLE, J., concur.