## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2016, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Kenneth W. Gibbs
Pendleton, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth W. Gibbs, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Wendy Knight, Lieutenant B. St. John, Mr. Helming, and Robert Fox, <br><br> *Appellees-Defendants* | March 3, 2016 <br><br> Court of Appeals Case No. 48A04-1510-SC-1613 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas L. Clem, Judge <br><br> Trial Court Cause Nos. 48C05-1505-SC-1897 48C05-1505-SC-1898 |

**Baker, Judge.**

[1] Kenneth Gibbs appeals the dismissal of two small claims complaints he had filed against the appellees (collectively, the State). The trial court found that because Gibbs failed to file an administrative tort claim within the statutorily prescribed timeframe, he is not entitled to relief. We agree, and affirm.

## Facts

[2] Gibbs is an inmate at a correctional facility in Pendleton. On January 22 and 23, 2015, Department of Correction (DOC) staff confiscated multiple items of Gibbs's property. Gibbs filed a grievance with the DOC grievance administrator, but DOC ultimately concluded that the property was properly confiscated because it was either unauthorized or in excess of the amount permitted. On May 19, 2015, Gibbs filed two small claims complaints (one for each day on which his property was confiscated) against the State. The trial court combined the two cases. On August 5, 2015, the State filed a motion to dismiss for failure to state a claim. The trial court treated the motion as a motion for summary judgment and, on September 16, 2015, granted the motion and dismissed the complaints. Gibbs now appeals.

## Discussion and Decision

[3] The State requested dismissal pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim. The State's argument centered on Gibbs's failure to file a notice of tort claim within the statutorily prescribed timeframe. As this required consideration of materials outside the face of the complaint, the trial court

properly treated the motion as one for summary judgment. Ind. Trial Rule 12(B). Our standard of review on summary judgment is well settled:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[4] Indiana Code section 34-13-3-3(16) states that the State is not liable if a DOC inmate has not exhausted the administrative remedies and procedures set forth in section 7. Section 7, in turn, sets forth the following requirements:

> An offender must file an administrative claim with the department of correction to recover compensation for the loss of the offender's personal property alleged to have occurred during the offender's confinement as a result of an act or omission of the department or any of its agents, former officers, employees, or contractors. A claim must be filed within one hundred eighty (180) days after the date of the alleged loss.

I.C. § 34-13-3-7(a).

[5] It is undisputed that Gibbs did not file a section 7 administrative claim within 180 days of the property confiscation.[1] He argues that because he was seeking recovery of his property, he did not fall under the purview of this section. We disagree, inasmuch as he also requested damages in the amount of $1,500 if his property had been destroyed. Section 7 explicitly states that "[a]n offender must file an administrative claim with the [DOC] to recover compensation." It is clear that Gibbs was required to file an administrative claim; it is likewise clear that he failed to do so. Therefore, the trial court properly granted summary judgment in favor of the State.

[6] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.

---

[1] Gibbs filed a grievance with the facility administrator, but that grievance does not suffice. He was required to complete a specific form and submit the form both to the head of the DOC facility *and* to the Tort Claim Administrator. 210 Ind. Admin. Code 1-10-3. He failed to file the required form and he failed to provide notice to the tort claim administrator.