

**FILED**

Mar 03 2016, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Christopher J. DeGroff
Joseph S. Turner
Seyfarth Shaw LLP
Chicago, Illinois

ATTORNEY FOR APPELLEE

Jason R. Ramsland
Ball Eggleston PC
Lafayette, Indiana

ATTORNEYS FOR AMICUS
NATIONAL RIFLE ASSOCIATION OF
AMERICA, INC.

David H. Thompson
Cooper & Kirk, PLLC
Washington, D.C.

Thomas Todd Reynolds
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Caterpillar Inc.,
*Appellant-Defendant,*

v.

William Sudlow,
*Appellee-Plaintiff*

March 3, 2016

Court of Appeals Case No.
79A02-1507-CT-801

Appeal from the Tippecanoe
Circuit Court

The Honorable Donald L. Daniel,
Judge
The Honorable Thomas H. Busch,
Judge

Trial Court Cause No.
79C01-1107-CT-29

**Baker, Judge.**

[1] Caterpillar, Inc., appeals the trial court's order granting summary judgment in favor of William Sudlow. Sudlow was a Caterpillar employee who was fired after another employee observed a partially visible gun in Sudlow's vehicle in the Caterpillar parking lot. The trial court entered summary judgment in Sudlow's favor because it found that Caterpillar's policy did not prohibit the conduct for which Sudlow was fired. Finding that Sudlow is not entitled to relief under statute or common law, we reverse the summary judgment order and the damages award and remand with instructions to enter summary judgment in favor of Caterpillar.

## Facts[1]

[2] During the relevant period of time, Caterpillar had a Facility Firearms policy (the Firearms Policy) that read as follows:

> In accordance with Indiana State Statute 34-28-7-2, employees or suppliers legally permitted to possess and transport a firearm are authorized to store the firearm in the licensee's private means of transportation in line with state law. Any person who chooses to transport his or her firearm under this law must abide by the regulations within the law while on Caterpillar property.

***

---

[1] We held oral argument in Indianapolis on February 22, 2016. We thank counsel for both parties for their able written and oral presentations.

Any person found to be in violation of this policy, may be subject to disciplinary action up to and including termination and/or criminal prosecution.

Appellant's App. p. 72, 98. Indiana Code section 34-28-7-2(a) ("the Firearms Statute") reads as follows:

Notwithstanding any other law and except as provided in subsection (b), a person may not adopt or enforce an ordinance, a resolution, a policy, or a rule that:

(1) prohibits; or

(2) has the effect of prohibiting;

an employee of the person, including a contract employee, from possessing a firearm or ammunition that is locked in the trunk of the employee's vehicle, kept in the glove compartment of the employee's locked vehicle, or stored out of plain sight in the employee's locked vehicle.

[3] On March 28, 2011, Sudlow drove to work. That day, he had a loaded Ruger .357 Magnum handgun—for which he had a permit—"stuffed down between the [center] console and the driver's seat." Appellant's App. p. 60-61. Sudlow left the gun there when he parked and exited his vehicle and entered the building to begin his work day. Another Caterpillar employee was walking through the parking lot and walked past Sudlow's vehicle. The employee noticed what appeared to be a handgun inside the vehicle. He could see the weapon's handle, the guard over the trigger, and the holster. He then reported the issue to Caterpillar's head of security. Eventually, the head of security

confirmed the presence of the weapon in the vehicle and told Sudlow that he was suspended indefinitely.

[4] On March 30, 2011, Sudlow was fired for violating the Firearms Policy. The same day, Caterpillar posted a new firearms policy throughout the building; the new policy explicitly states that firearms in employees' vehicles must be kept "secured and out of sight[.]" *Id.* at 98.

[5] On July 19, 2011, Sudlow filed a complaint against Caterpillar, alleging that Caterpillar had violated the Firearms Statute when it terminated his employment for violating the Firearms Policy. On May 15, 2014, Caterpillar moved for summary judgment; on June 16, 2014, Sudlow filed a cross-motion for summary judgment. Following briefing and a hearing, the trial court entered an interlocutory order granting summary judgment in Sudlow's favor on September 24, 2014. In pertinent part, the trial court found as follows:

> 1. The Plaintiff stored a firearm in his vehicle while in the employee parking lot and said firearm was in plain sight.
>
> 2. The Defendant's posted policy, in effect at the time of said incident, allowed employees to store a weapon in his or her vehicle, and did not require that said firearm be kept out of sight.
>
> 3. The Plaintiff's actions complied with the Defendant's policy.

***

5. [The Firearms Statute] allows an employer to be more restrictive in its firearms policy, but the Defendant did not make [its] policy so restrictive as to prevent the Plaintiff's action in this case.

*Id.* at 6. The trial court denied Caterpillar's motion to certify the order for an interlocutory appeal. A jury trial regarding damages was held on June 9, 2015, and the jury awarded damages to Sudlow in the amount of $85,000. Caterpillar now appeals.

## Discussion and Decision

[6] Our standard of review on summary judgment is well established:

We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). . . .

. . . And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.,* 916 N.E.2d 906, 909–10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). This appeal also calls for us to interpret statutory language, which is a pure question of law to which we

apply a de novo standard of review. *E.g.*, *Meyer v. Beta Tau House Corp.*, 31 N.E.3d 501, 513 (Ind. Ct. App. 2015).

# I. The Firearms Statute

As noted above, the Firearms Statute reads as follows:

> Notwithstanding any other law and except as provided in subsection (b), a person may not adopt or enforce an ordinance, a resolution, a policy, or a rule that:
>
> > (1) prohibits; or
> >
> > (2) has the effect of prohibiting;
>
> an employee of the person, including a contract employee, from possessing a firearm or ammunition that is locked in the trunk of the employee's vehicle, kept in the glove compartment of the employee's locked vehicle, or stored out of plain sight in the employee's locked vehicle.

The plain and unambiguous language of this statute prohibits employers from enacting policies that prevent their employees from having a firearm that is locked in the trunk, kept in the glove box in a locked vehicle, or stored out of sight in the employee's locked vehicle.

Here, Caterpillar's Firearms Policy did not prohibit conduct that is protected by the Firearms Statute. Sudlow's attorney conceded as much at oral argument. Indeed, as noted by the trial court, per the Firearms Statute, Caterpillar could have enacted a more restrictive policy (and did so the day Sudlow was fired) but

it chose not to do so.[2]  It is readily apparent that neither the Firearms Policy nor Caterpillar's interpretation thereof violated the Firearms Statute.  As a cause of action under the Firearms Statute is authorized only when an employer violates the statute, *see* I.C. § 34-28-7-3, Sudlow has no right to recover on this basis.

[9]  Sudlow argues that the Firearms Statute "protects a lawful possessor of firearms from adverse employment action for reasonable and responsible possession of firearms, and Caterpillar's actions had the effect of prohibiting Sudlow from lawfully keeping his firearm in his car." Appellee's Br. p. 5.  He similarly contends that the intent of the statute "is to protect the rights of lawful firearm possession." *Id.* at 7.  Sudlow essentially argues that the Firearms Statute does the following:  (1) sets a default position of permitting every gun owner to be allowed to take any gun into any workplace; and (2) if the employer wants to curtail that conduct, the statute would require employers to enact a firearms policy to do so.  In other words, Sudlow believes that if an employer does not have a firearms policy in place, an employee could walk into the workplace with a loaded assault rifle and face no employment consequences as a result.

---

[2] There is some discussion about whether the language of the Firearms Policy was ambiguous—whether it actually prohibited the conduct for which Sudlow was fired.  But to the extent that Caterpillar's interpretation of the policy was more restrictive than the policy language contemplated, even the interpretation and enforcement of the policy—requiring that firearms be kept out of sight in employees' vehicles—does not violate the Firearms Statute.

It is clear that the Firearms Statute is not nearly so broad—in fact, it is written quite narrowly and specifically.[3] According to the plain and unambiguous language of the statute, the reasonable and responsible possession of firearms— the protected activity—is defined as a firearm that is locked in the trunk, kept in the glove compartment, or stored out of plain sight in the employee's locked vehicle. Here, Sudlow's conduct did not fall into that category;[4] as a result, it was not protected by the Firearms Statute.[5]

Caterpillar's Firearms Policy did not prohibit statutorily protected conduct. Furthermore, its interpretation of its Firearms Policy also did not prohibit protected conduct. Consequently, Sudlow is not entitled to relief under the Firearms Statute.

## II. Common Law

If Sudlow does not have a cause of action under the Firearms Statute, his only recourse would be something akin to a wrongful termination claim. It is undisputed that he was an at-will employee, meaning that his employment

---

[3] The statute certainly does not require every employer to enact a firearms policy, as Sudlow's attorney conceded at oral argument.

[4] The parties dispute the extent to which Sudlow's weapon was in plain sight. But it is undisputed that there was enough of the gun visible that an employee was able to see and identify it when casually walking by the vehicle. As a matter of law, this suffices to constitute storage in plain sight.

[5] While Sudlow and his *amicus* make much of the right to bears arms as provided for by our state and federal constitutions, Sudlow conceded at oral argument—as, indeed, he must—that constitutional rights are not implicated in this case. "The state and federal constitutional provisions do not apply to unauthorized acts of private citizens." *Hutchinson v. State*, 477 N.E.2d 850, 853 (Ind. 1985). As Caterpillar is a private citizen, it is impossible for its actions to violate either constitution. Thus, the only rights upon which Caterpillar possibly could have infringed are statutory or common law rights, not constitutional ones.

could have been terminated by either party at will, with or without a reason. *E.g.*, *Ogden v. Robertson*, 962 N.E.2d 134, 145 (Ind. Ct. App. 2012). There are three exceptions to the employment-at-will doctrine, but the parties discuss only the public policy exception: "we have recognized a public policy exception to the employment-at-will doctrine if a clear statutory expression of a right or duty is contravened." *Orr v. Westminster Village N., Inc.*, 689 N.E.2d 712, 718 (Ind. 1997).

[13] The Firearms Statute is the best expression of Indiana's public policy regarding the right to transport and store firearms at work. And while this statute does confer a right to store a weapon in a trunk, glove compartment, or out of sight in a locked vehicle, it simply does not confer a right to store a weapon in a vehicle in plain sight. It is apparent, therefore, that in this case, there was no contravention of a clear statutory expression of a right. As a result, the public policy exception to the employment-at-will doctrine does not apply, and Sudlow is not entitled to relief under the common law.

[14] The judgment of the trial court is reversed and remanded with instructions to enter summary judgment in favor of Caterpillar.

Bradford, J., and Pyle, J., concur.