## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2017, 5:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel A. Medrea
Lucas, Holcomb & Medrea
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Stephen M. Maish
Maish & Mysliwy
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rueth Development Company and Rueth Development Company d/b/a Superior Lumber Company, *Appellant-Plaintiff,* v. H & H Rueth, Inc., *Appellee-Defendant.* | April 17, 2017 Court of Appeals Case No. 45A03-1608-CP-1821 Appeal from the Lake Superior Court The Honorable John M. Sedia, Judge Trial Court Cause No. 45D01-9209-CP-1103 |

**Bradford, Judge.**

# Case Summary

[1] On September 11, 1992, Appellant-Plaintiff Rueth Development Company and Rueth Development d/b/a Superior Lumber Company ("RDC") filed a complaint against Appellee-Defendant H&H Rueth, Inc. ("H&H") alleging that H&H owed RDC money. Prior to trial, the parties entered into a written release and settlement agreement. RDC, however, did not dismiss the case per the agreement, prompting H&H to file a motion for summary judgment. RDC never filed a response to the motion. After a hearing on August 10, 1995, the trial court took the motion under advisement. The trial court, however, ultimately failed to rule on H&H's motion.

[2] RDC did not file a response to the motion until April of 2016. A hearing was held on H&H's motion for summary judgment in July of 2016. The trial court again took the motion under advisement. On July 13, 2016, the trial court issued an order granting H&H's motion for summary judgment. The trial court also found that it could not consider any of RDC's untimely materials filed in response to the motion.

[3] On appeal, the parties raise the following restated issue: whether the trial court correctly found that H&H was entitled to summary judgment based upon its 1995 motion for summary judgment and the documents H&H filed with said motion. Because the trial court correctly found that RDC's untimely response and corresponding documents could not be considered, we affirm the trial court's order granting summary judgment in favor of H&H.

# Facts and Procedural History

[4] On September 11, 1992, RDC initiated this case by filing a complaint against H&H alleging that H&H owed RDC various amounts for building materials and residential lots purchased from RDC. After obtaining additional time to plead, H&H filed a timely answer on October 29, 1992. The case was scheduled for a three-day jury trial in June of 1995. On or about May 18, 1995, the parties entered into a written release and final settlement agreement to fully resolve the case. RDC, however, failed to dismiss the case with prejudice as the settlement agreement required. In response, H & H filed a verified summary judgment motion and to vacate the scheduled trial date.

[5] On June 2, 1995, the trial court entered an order that vacated the three-day jury trial and set H&H's summary judgment motion for hearing on August 10, 1995. RDC requested an extension of time to respond to H&H's summary judgment motion in a motion for expedited hearing and extension of time filed on June 19, 1995. The trial court granted the motion and extended RDC's time to respond to July 14, 1995.

[6] On July 19, 1995, RDC filed a second motion for extension of time. The trial court granted the request giving RDC until August 10, 1995, despite the fact that the first extension expired on July 14, 1995. On July 28, 1995 and August 2, 1995, H&H filed objections to the second motion for an extension.

[7] According to a transcript, a hearing was held on August 10, 1995, to discuss the summary judgment motion. During the hearing, RDC indicated that it would

be filing a response, but there is no record of such response ever being filed. H&H also objected to the filing of any untimely response to its motion. At the conclusion of the hearing, the trial court took H&H's summary judgment motion under advisement.[1] According to the chronological case summary, the motion was never ruled on by the then-presiding judge, Special Judge Daniel J. Molter. The docket also shows that no response was ever filed by RDC.

[8] On October 29, 2015, Judge John M. Sedia, the current presiding judge, set a hearing for February 19, 2016, on the response issue relating to H&H's summary judgment motion. On February 19, 2016, H&H filed a trial brief and related documents to address the response issue. The February 19, 2016, hearing was continued to June 17, 2016.

[9] On April 1, 2016, RDC filed various documents. H & H filed its reply to RDC's documents on April 11, 2016. The trial court judge then continued the June 17, 2016 hearing date to July 12, 2016. The hearing was held on July 12, 2016. On July 13, 2016, the trial court entered an order granting H&H's summary judgment motion.

# Discussion and Decision

---

[1] Although the court failed to rule upon the summary judgment motion for over twenty years until the current judge set it for hearing, neither party filed a "lazy judge" motion pursuant to Indiana Trial Rule 53.1 (1994).

[10] RDC appeals the trial court's order granting summary judgment to H & H. "We first observe that a trial court's order granting summary judgment comes to us 'cloaked with a presumption of validity.'" *DiMaggio v. Rosario*, 52 N.E.2d 896, 903 (Ind. Ct. App. 2016) (internal citations omitted). Our Supreme Court has set forth the following standard of review:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of … the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id*. (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). However, we will affirm the "trial court's entry of summary judgment if it can be sustained on any theory or basis in the record." *DiMaggio*, 52 N.E.3d at 904.

[11] RDC did not file a timely response to H & H's motion despite receiving two extensions. In fact, RDC did not respond to H & H's motion for summary judgment for over twenty years. After the trial court held a hearing on July 12, 2016, it declined to consider RDC's untimely filed response and corresponding documents and granted H&H's motion for summary judgment.

[12] Pursuant to Indiana Trial Rule 56(c), a party opposing a motion for summary judgment has thirty days to serve a response or any other opposing affidavits.

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court *cannot* consider summary judgment filings of that party subsequent to the 30-day period.

*Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n.5 (Ind. 2005) (emphasis added). In *Borsuk*, our Supreme Court held that sixty days was untimely for a party to file an affidavit opposing a summary judgment motion and it could not be considered when determining summary judgment. *Id.* Consequently, it is not a stretch to say that a response and the corresponding documents filed over twenty years late are extremely untimely and the trial court did not err when it determined that it could not consider such materials.

[13]    RDC asserts that even if it did not submit an "opposing affidavit or other evidence to contradict H&H's motion, H&H was not entitled to summary judgment." Corrected Appellant's Br. p. 37. Because its response and supporting documents could not be considered by the trial court, RDC has not provided a factual basis for opposing summary judgment and it has not met its burden of establishing the existence of a genuine issue of material fact that would preclude summary judgment.

[14]    We affirm the trial court's order granting summary judgment in favor of H&H.

Vaidik, C.J., and Brown, J., concur.