ATTORNEY FOR APPELLANT
Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



_____

No. 49S04-1406-MI-386

ANTONIO HUGHLEY,

*Appellant (Defendant),*

v.

STATE OF INDIANA, THE CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY, AND THE INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT,

*Appellee (Plaintiffs).*

_____

Appeal from the Marion Superior Court, No. 49D01-1110-MI-38687
The Honorable David Shaheed, Judge
The Honorable Shatrese Flowers, Commissioner

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1307-MI-352
_____

**September 9, 2014**

**Rush, Chief Justice.**

Under Indiana Trial Rule 56, summary judgment is precluded by any "genuine" issue of material fact—that is, any issue requiring the trier of fact to resolve the parties' differing accounts of the truth. Merely resting on the pleadings will not permit the non-movant to raise such an issue, but a competent affidavit will. Here, Defendant's affidavit was self-serving and none too detailed—but it was competent, and it contradicted the State's designated evidence on a material fact. It was therefore sufficient to preclude summary judgment, regardless of whether Defendant would likely prevail at trial. We accordingly reverse the trial court.

**Background**

In August 2011, police were seeking a suspect who had led them on a car chase, crashed, and was last seen near Defendant's red 1977 Buick, which was parked in front of Defendant Antonio Hughley's home a few blocks from the crash. Police knocked on Defendant's door and obtained his consent to search for the suspect. The suspect wasn't there, but apparent cocaine residue and other indicia of cocaine dealing were in plain view on the kitchen table—leading to a search warrant and discovery of 550 grams of cocaine, plus further evidence of dealing. Police arrested Defendant, and a search incident to his arrest revealed $3,871 in cash, mostly $20s, in his front pocket. A jury convicted him of dealing cocaine and related offenses.

Thereafter, the State filed civil proceedings seeking forfeiture of Defendant's cash and car, alleging that both were proceeds of, or were meant to be used to facilitate, Defendant's dealing. After Defendant filed an answer, the State sought summary judgment, designating as evidence the probable-cause affidavits and judgment of conviction from the underlying criminal proceedings. In response, Defendant filed an affidavit denying that the cash was connected to his dealing. The perfunctory affidavit recited his competence to testify and then stated in full:

> 2. The U.S. currency seized from me during my arrest . . . is not the proceeds from criminal activity nor was it intended for a violation of any criminal statute. I did not intend to use that money for anything other [than] legal activities.
>
> 3. Likewise, my 1977 Buick was never used to transport controlled substances and it is not the proceeds from any unlawful activity.

The trial court granted summary judgment to the State for forfeiture of the cash but denied it as to the Buick, and Defendant appealed. (The State has not challenged denial of summary judgment as to the car on appeal or on transfer.)

The Court of Appeals affirmed, holding that Defendant's affidavit raised no "specific facts" to controvert the State's evidence but instead was only a "general denial"—the type on which a non-moving party may not rest by the terms of Indiana Trial Rule 56(E). Hughley v. State, No. 49A04-1307-MI-352, slip op. at 2, 2014 WL 684008 (Ind. Ct. App. Feb. 20, 2014). It thus reasoned that Defendant had failed to establish any genuine issue of material fact that would preclude summary judgment. Id. We granted transfer.

2

**Standard of Review**

We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Williams v. Tharp, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." Id. (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. Id. at 761–62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." McSwane v. Bloomington Hosp. & Healthcare Sys., 916 N.E.2d 906, 909–10 (Ind. 2009) (internal quotation marks omitted).

**Discussion and Decision**

## I. Indiana's Summary Judgment Policies Aim to Protect a Party's Day in Court.

Even though Indiana Trial Rule 56 is nearly identical to Federal Rule of Civil Procedure 56, we have long recognized that "Indiana's summary judgment procedure . . . diverges from federal summary judgment practice." Jarboe v. Landmark Cmty. Newspapers of Ind., Inc, 644 N.E.2d 118, 123 (Ind. 1994). In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof *lacks* evidence on a necessary element, we impose a more onerous burden: to affirmatively "negate an opponent's claim." Id. Our choice to heighten the summary judgment burden has been criticized because it may let summary judgment be precluded by as little as a non-movant's "mere designation of a self-serving affidavit." E.g., Deuitch v. Fleming, 746 N.E.2d 993, 999–1000 (Ind. Ct. App. 2001), trans. denied.

That observation is accurate, but using it as the basis for criticism overlooks the policy behind that heightened standard. Summary judgment "is a desirable tool to allow the trial court to dispose

of cases where only legal issues exist." Clipp v. Weaver, 451 N.E.2d 1092, 1093 (Ind. 1983) (quoting Clipp v. Weaver, 439 N.E.2d 1189, 1190 (Ind. Ct. App. 1982)) (internal quotation marks omitted). But it is also a "blunt . . . instrument," see Waterfield Mortg. Co., Inc. v. O'Connor, 172 Ind. App. 673, 680, 361 N.E.2d 924, 927 (1977), by which "the non-prevailing party is prevented from having his day in court," Ayres v. Indian Heights Volunteer Fire Dept., Inc., 493 N.E.2d 1229, 1234 (Ind. 1986). We have therefore cautioned that summary judgment "is not a summary trial," id. (internal quotation marks omitted); and the Court of Appeals has often rightly observed that it "is not appropriate merely because the non-movant appears unlikely to prevail at trial." Tucher v. Brothers Auto Salvage Yard, Inc., 564 N.E.2d 560, 564 (Ind. Ct. App. 1991), trans. denied; see also LaCava v. LaCava, 907 N.E.2d 154, 166 n.9 (Ind. Ct. App. 2009) (recognizing that the decedent's "claim should withstand summary judgment" despite counsel's "conce[ssion] . . . that he will be unlikely to prevail" at trial). In essence, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims. And with that relatively high bar in mind, we turn to the Court of Appeals decision.

## II. Defeating Summary Judgment Requires Only a "Genuine" Issue of Material Fact—Not Necessarily a "Persuasive" One.

As the Court of Appeals recognized, the forfeiture statute expressly provides that "[m]oney . . . found near or on a person who is committing, attempting to commit, or conspiring to commit" certain drug offenses "shall be . . . prima facie evidence that the money . . . has been used or was to have been used to facilitate" the offenses. Ind. Code § 34-24-1-1(d) (2008). Here, Hughley does not dispute the State's designated evidence that the $3,871 at issue was in his pocket when he was arrested—which, by the terms of the forfeiture statute, establishes the State's prima facie case that the cash should be forfeited.

But the prima facie case is only the beginning of the story—it merely shifts the burden to Defendant, as the non-movant, to raise a "genuine issue of material fact." Williams, 914 N.E.2d at 761–62. To do so, he "may not rest upon the mere allegations or denials *of his pleading*." T.R. 56(E) (emphasis added). Rather, "his response, *by affidavits* or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Id. (emphasis added). And here, Defendant did not merely rest on his "pleadings"—that is, the complaint, answer, or counter-, cross-, and third-party claims with answers or replies thereto. T.R. 7(A). Rather, he designated an affidavit—albeit a perfunctory and self-serving one—that specifically controverted

4

the State's prima facie case, denying under oath that the cash or car were proceeds of or used in furtherance of drug crimes:

> 2. The U.S. currency seized from me during my arrest . . . is not the proceeds from criminal activity nor was it intended for a violation of any criminal statute. I did not intend to use that money for anything other [than] legal activities.

> 3. Likewise, my 1977 Buick was never used to transport controlled substances and it is not the proceeds from any unlawful activity.

That evidence is sufficient, though minimally so, to raise a factual issue to be resolved at trial, and thus to defeat the State's summary-judgment motion. An issue of material fact "is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth." Williams, 914 N.E.2d at 761 (citing Gaboury v. Ireland Road Grace Brethren, Inc., 446 N.E.2d 1310, 1313 (Ind. 1983)). Defendant's designated evidence clears that low bar. The State's designations establish a *circumstantial* case (defined by statute as *prima facie* sufficient[1]) that Defendant's substantial cash was proceeds of or used for dealing. But his sworn testimony by affidavit is *direct* evidence to the contrary, and so the fact finder must reconcile the credibility of those two accounts.

Defendant may very well lose such a credibility contest. The State's circumstantial evidence, though not conclusive, is certainly compelling. By contrast, Defendant's affidavit is self-serving and conspicuously silent on any alternative explanation for how, apart from dealing cocaine, he happened to be carrying nearly $4,000 in mostly $20 denominations. Without some corroboration, his credibility will likely be dubious. But summary judgment "may not be used as a substitute for trial in determining factual disputes," Clipp, 451 N.E.2d at 1093 (internal quotation marks omitted), and it "is not appropriate merely because the non-movant appears unlikely to prevail at trial." Tucher, 564 N.E.2d at 564.

The policy of not short-circuiting the trial process is especially weighty here. The Trial Rules, including the ones governing summary judgment, apply "in all suits of a civil nature," T.R. 1—and

---

[1] Circumstantial evidence necessarily relies on drawing inferences, and conflicting inferences (even from evidence that is itself undisputed) preclude summary judgment. Williams, 914 N.E.2d at 761. If the statute did not declare these particular circumstances to be *prima facie* sufficient, those conflicting inferences would preclude summary judgment, even if no other evidence were designated.

forfeitures are civil actions, <u>Katner v. State</u>, 655 N.E.2d 345, 347 (Ind. 1995). But because forfeitures also have significant criminal and punitive characteristics, <u>id.</u>, they "are not favored, and should be enforced only when within both the letter and spirit of the law." <u>Katner v. State</u>, 640 N.E.2d 388, 390 (Ind. Ct. App. 1994) (internal quotation marks omitted), <u>adopted and incorporated by reference</u>, 655 N.E.2d at 347. Ensuring that parties are not prematurely denied their day in court is always important, but it is especially vital before exacting criminal-like penalties.

Thus, even though Defendant's designated evidence was rather thin, it was enough to preclude summary judgment for the State. As <u>Deuitch</u> hinted, the real probative value of an affidavit like Defendant's may be minimal, since an unscrupulous litigant could defeat summary judgment merely by filing a perjurous affidavit. 746 N.E.2d at 999–1000. But we have always considered an oath, subject to penalties for perjury, to be an adequate deterrent against false testimony—hence the Rule 56(C) requirement to designate *evidence*, and not merely rest on unsworn pleadings. Moreover, Trial Rule 56(G) protects the integrity of the summary judgment process by providing an additional deterrent: monetary liability for the opposing party's costs and attorney fees resulting from an affidavit "presented in bad faith or solely for the purpose of delay," plus the prospect of contempt against "any offending party *or attorney*" (emphasis added). Finally, Defendant's trial testimony may provide additional details to flesh out his cursory affidavit (though if so, it would have been wise to include them in the affidavit). In either event, existing procedural safeguards are adequate to balance the integrity of summary judgment against our concern for not prematurely closing the courthouse doors to the non-moving party, without raising the non-movant's burden beyond what our precedent has long required.

**Conclusion**

"Summary judgment should not be granted when it is necessary to weigh the evidence." <u>Bochnowski v. Peoples Fed. Sav. & Loan Ass'n</u>, 571 N.E.2d 282, 285 (Ind. 1991). Because Defendant designated competent evidence in response to the State's motion for summary judgment, weighing it—no matter how decisively the scales may seem to tip—was a matter for trial, not summary judgment. The trial court's judgment is therefore reversed, and we remand this matter with instructions to deny the State's motion for summary judgment.

Dickson, Rucker, David, and Massa, JJ., concur.