## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 27 2015, 6:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Dale W. Arnett
Winchester, Indiana

ATTORNEY FOR APPELLEE

David A. Kruse
Kruse & Kruse P.C.
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stan Kruse,

*Appellant-Defendant,*

v.

DeKalb County Plan Commission,

*Appellee-Plaintiff*

February 27, 2015

Court of Appeals Case No.
17A03-1406-PL-227

Appeal from the DeKalb Circuit Court.
The Honorable Kirk D. Carpenter, Judge.
Cause No. 17C01-0512-PL-42

**Baker, Judge.**

[1] Stanley Kruse appeals the trial court's order granting summary judgment in favor of the DeKalb County Plan Commission. The trial court granted the Commission's request for an injunction against Kruse, who the trial court found had violated certain zoning ordinances when he constructed a residence without the required approval. Finding no error, we affirm.

## Facts

[2] In 1964, DeKalb County enacted a Master Zoning Plan, which is regulated and enforced by a series of ordinances. Among other things, the ordinances provide that only one residence may be located on each lot. Appellant's App. p. 12. To build a second residence on a lot, it must be subdivided. The nature of a parcel of land in 1964, when the Master Zoning Plan was enacted, determines whether it is a single lot, also called a "base tract." If "the Lot was a single parcel in single ownership" in 1964, then the lot is considered to be a single "base tract" today. *Id.* The Master Zoning Plan also requires that no structure may be built in DeKalb County without first obtaining an Improvement Location Permit. The Master Zoning Plan includes a farm exemption to the above requirements:

> "Land, farm houses, farm barns, farm outbuildings or other buildings, structures or erections which are adapted, by reason of nature and area, for use for agricultural purposes as a primary means of livelihood, while so used, shall not be affected by restrictions or regulations of this ordinance."

*Id.* at 24-25 (quoting Zoning Ordinance Section 11(O)).

[3] In 1964, Howard and Roberta Smith owned approximately forty acres of land in DeKalb County (the Base Tract). At some point in time, Howard Grimm

obtained title to this land following a foreclosure action. On July 13, 1990, Grimm sold a portion of the Base Tract. Specifically, he transferred title to a mobile home, plus 1.24 acres on which the mobile home was located (the Homestead Tract), to Rick and Sheryl Truelove. Between 1964 and 1993, various acreage was added and transferred away from the original Base Tract of forty acres, such that the parcel of land totaled 59.2 acres in 1993.

[4] On April 14, 1993, Kruse bought the 59.2-acre tract of land from Grimm's estate. A recital on the deed required him to continue to use the land as part of the conservation reserve program (CRP): "[t]he above-described real estate is subject to a [CRP] contract with the [Agricultural Stabilization and Conservation Service] office of the U.S. [Department of Agriculture] and the Grantee by receipt of this Deed agrees to continue this governmental program for its duration." Appellant's App. p. 126. The United States Department of Agriculture [USDA] defines the CRP as follows:

> The Conservation Reserve Program (CRP) is a land conservation program administered by the Farm Service Agency (FSA). In exchange for a yearly rental payment, *farmers enrolled in the program agree to remove environmentally sensitive land from agricultural production* and plant species that will improve environmental health and quality. Contracts for land enrolled in CRP are 10-15 years in length. The long-term goal of the program is to re-establish valuable land cover to help improve water quality, prevent soil erosion, and reduce loss of wildlife habitat.

U.S.D.A., *Conservation Reserve Program*, *available at*

http://www.fsa.usda.gov/FSA/webapp?area=home&subject=copr&topic=crp

(last visited January 30, 2015) (emphasis added).

[5]　In 1996, Kruse built a residence on his land. He did not obtain an Improvement Location Permit and did not apply for or obtain subdivision approval. And because the residence on the Homestead Tract is considered to be a residence on the Base Tract, Kruse's 1996 residence constitutes an unauthorized second residence on the Base Tract.

[6]　In 2002 and 2003, the Commission sent letters to Kruse notifying him that he was in violation of local ordinances. He did not appeal those findings of violations to the Board of Zoning Appeals. On December 22, 2005, the Commission filed a complaint against Kruse based upon the ordinance violations. Over the next eight years, Kruse repeatedly told the Commission that he would apply for a simple division of land, which would bring his property in compliance with the ordinances, and the Commission repeatedly asked and received continuances from the trial court to afford Kruse the time to do so. Kruse never applied for a division of land.

[7]　On November 13, 2013, the Commission filed a motion for summary judgment, which Kruse opposed. Following briefing and a hearing, on June 3, 2014, the trial court granted summary judgment in favor of the Commission. Among other things, the trial court ordered as follows: (1) Kruse is to cease use of his residence and is ordered to remove the residence from his property; (2) Kruse is enjoined from placing the residence on other property in DeKalb County and from placing another residence on his own property without proper approval from zoning authorities; and (3) Kruse is to pay a fine of $2,500. Kruse now appeals.

# Discussion and Decision

[8]     Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).
>
> The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761–62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.,* 916 N.E.2d 906, 909–10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[9]     On appeal, Kruse does not deny that when he built his residence in 1996, it constituted a second residence on the Base Tract. He also does not deny that he has not applied for a subdivision of the land or for an Improvement Location Permit. His sole argument on appeal is that the farm exemption applies to his land, such that he was not required to comply with the relevant ordinances.

[10]     As noted above, Zoning Ordinance Section 11(O) establishes that the farm exemption applies to land that is used "for agricultural purposes as a primary means of livelihood, *while so used*[.]" Appellant's App. p. 24-25 (emphasis added). Initially, we note that Kruse built his residence in 1996. There is no evidence in the record regarding his use of the land until 2011, when he attests that he retired as an electrician and his primary means of livelihood became agriculture. This evidence does not create an issue of fact regarding the use of the land for agricultural purposes between 1996 and 2011.

[11]     In any event, however, it is undisputed that Kruse purchased this land subject to a condition in the deed that he continue participating with the CRP. As noted by the trial court, "Land in a conservation reserve program can not, by definition, be farmed. And, therefore can not be farm exempt." *Id.* at 25. We agree. As noted above, the USDA explicitly notes that landowners who participate in the CRP agree to remove the land from agricultural production. Because Kruse's land is subject to the CRP, it cannot possibly be used for agricultural purposes unless and until the CRP contract expires. As such, there is no possible way for the farm exemption to apply. We find that the trial court did not err in granting summary judgment in the Commission's favor.

[12]     The judgment of the trial court is affirmed.


        Vaidik, C.J., and Riley, J., concur.