## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 16 2017, 8:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James F. Guilfoyle
Larry O. Wilder
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

W. Brian Burnette
Applegate Fifer Pulliam LLC
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Wooldridge,<br>*Appellant-Defendant,*<br><br>v.<br><br>Sellersburg Properties, LLC,<br>*Appellee-Plaintiff* | May 16, 2017<br><br>Court of Appeals Case No.<br>72A01-1608-MF-2018<br><br>Appeal from the Scott Circuit Court<br><br>The Honorable Roger L. Duvall, Judge<br><br>Trial Court Cause No.<br>72C01-1601-MF-2 |

**Baker, Judge.**

[1] Sellersburg Properties, LLC (Sellersburg), filed a complaint against Jason Wooldridge seeking payment on a promissory note for which Wooldridge had executed a personal guarantee. The trial court granted summary judgment in Sellersburg's favor, and Wooldridge now appeals. Finding no error, we affirm and remand for further proceedings.

## Facts

[2] WAG Development, LLC (WAG), is a closely held company that is owned by three members: (1) Sellersburg, which is owned by William Galligan (William) and Charles Galligan (Charles); (2) Wooldridge Homes, Inc., which is owned by Wooldridge; and (3) Thomas Galligan (Thomas).

[3] In May 2011, WAG executed a promissory note (the Note) in the principal amount of $360,931.38 in favor of MainSource Bank. Payment of the promissory note was secured by, among other things, a mortgage on real estate owned by WAG and personal guarantees executed by Wooldridge, William, Charles, Thomas, and Ann Marie Kempf. Each personal guarantee jointly and severally guaranteed payment of all sums due under the Note in the event of default. At some point, the WAG venture failed without paying the Note.

[4] On October 12, 2012, Sellersburg purchased the Note, the mortgage, the guarantees, and all other loan documents, along with the underlying debt, from MainSource Bank. The maturity date on the Note passed without the debt being paid. Consequently, the Note went into default and the balance of the Note became immediately due.

On January 25, 2016, Sellersburg filed a complaint against WAG and Wooldridge to collect on the Note and foreclose on the mortgage.[1] Wooldridge filed an answer, counter-claim, and a third-party complaint against his co-guarantors for contribution and other claims. On April 5, 2015, Sellersburg filed a motion for summary judgment. Following briefing and a hearing, on August 2, 2016, the trial court granted Sellersburg's motion. Among other things, the trial court's order: (1) foreclosed on the mortgage and ordered the sale of WAG's real estate; (2) found Wooldridge and WAG jointly and severally liable for a monetary judgment in the amount of $553,927.79 (the principal balance of the Note plus accrued interest), plus prejudgment and postjudgment interest. Wooldridge now appeals

## Discussion and Decision

Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the

---

[1] WAG did not file a responsive pleading or enter an appearance in the underlying lawsuit.

> undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[7] Wooldridge does not dispute that a debt is owed, that the amount of debt alleged is correct, or that he owes a share of that debt. Instead, he argues that Sellersburg, despite being the owner of the debt, cannot pursue the balance against Wooldridge because Sellersburg, by and through its owners, is a co-guarantor of Wooldridge. We cannot agree. Sellersburg is a separate corporate entity. There is no evidence in the record remotely providing a basis to find that Sellersburg's corporate status is in any way invalid or a legal fiction. Sellersburg is a valid holder of the Note and is entitled to enforce it; Sellersburg is not a guarantor of the Note; Wooldridge is a personal guarantor of the Note and is required to stand by that guarantee.

[8] Wooldridge also argues that as co-members of WAG, Sellersburg owes him fiduciary duties that it has breached. *See Rapkin Grp., Inc. v. Cardinal Ventures, Inc.*, 29 N.E.3d 752, 757 (Ind. Ct. App. 2015) (noting that LLC members owe fiduciary duties to one another). We cannot agree, however, because in 2008, Wooldridge assigned his membership in WAG to a corporate entity— Wooldridge Homes, Inc. Therefore, while Sellersburg may owe fiduciary duties to Wooldridge Homes, Inc., it owes no fiduciary duties to Wooldridge himself.

[9] Even if Sellersburg owed fiduciary duties to Wooldridge, we note that in the context of a limited liability company, a claimant arguing breach of fiduciary duty must show recklessness or willful misconduct on the part of the fiduciary. *Id.* (noting that a breach of fiduciary duty occurs when an LLC member fails to deal fairly, honestly, and openly with his company or fellow members). Here, when it became apparent that WAG was unable to satisfy its debt to MainSource, Sellersburg stepped forward and bought the debt. There is no evidence that Sellersburg in any way manipulated the situation or failed to deal fairly, honestly, and openly with Wooldridge.

[10] And in any event, Wooldridge was not harmed by Sellersburg's actions, as there is no dispute that he is a personal guarantor of the Note and is and has always been secondarily liable for the balance of the debt. *See id.* (noting that to prevail on a breach of fiduciary duty claim, the claimant must establish harm). Had Sellersburg not purchased the Note, Wooldridge would have been liable to MainSource. That he is liable to Sellersburg instead does not establish that he suffered harm as a result of Sellersburg's actions. Consequently, his claim for breach of fiduciary duty is unavailing.

[11] We understand Wooldridge's frustration that, at the moment, he is the only one of five personal guarantors of the Note who is on the hook to pay the debt. But his third-party complaint against those individuals for contribution, among other claims, remains in the trial court. That is the most appropriate way for Wooldridge to seek relief from his co-guarantors.

[12]     In sum, it is undisputed that Sellersburg owns the Note and that Wooldridge is a personal guarantor of the Note. He neither disputes those facts nor the amount of the judgment entered by the trial court. As a result, the trial court properly granted summary judgment in Sellersburg's favor.

[13]     The judgment of the trial court is affirmed and remanded for further proceedings.

Robb, J., and Barnes, J., concur.