## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 09 2017, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Edward W. Hearn
Johnson & Bell, P.C.
Crown Point, Indiana

ATTORNEY FOR APPELLEES

Stephen R. Pennell
Stuart & Branigin LLP
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dana Dodson,

*Appellant-Plaintiff,*

v.

Board of Trustees of Indiana University, d/b/a Indiana University and Indiana University Northwest; William J. Lowe, *individually and in his official capacity as Chancellor of Indiana University Northwest; and* Michael A. McRobbie, *individually and in his official capacity as President of Indiana University,*

*Appellees-Defendants.*

June 9, 2017

Court of Appeals Case No. 45A03-1611-CT-2703

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No. 45D01-1406-CT-139

**Robb, Judge.**

# Case Summary and Issue

Dana Dodson appeals the trial court's entry of summary judgment in favor of the Indiana University Board of Trustees; William Lowe, as Chancellor of Indiana University Northwest; and Michael McRobbie, as President of Indiana University (collectively, the "University"), in her action against the University alleging breach of contract and due process violations after her application for tenure with promotion was denied and her employment contract was not renewed. She raises eight issues on appeal, which we consolidate and restate as whether the trial court erred in entering judgment in favor of the University. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

In summer 2006, the University extended Dodson an Offer to Recommend Appointment at Indiana University Northwest ("Appointment Letter"). The Appointment Letter provided Dodson would serve as an assistant professor for a term of one school year beginning in August 2006 and ending in May 2007. The Appointment Letter further described Dodson's appointment as "Tenure Probationary" with a probationary period beginning in August 2006 and ending in May 2013, meaning that if Dodson was successfully reappointed to her one-year term every year, she would be eligible to apply for tenure in the final year of the probationary period. Appellant's Appendix, Volume II at 116. Before signing the Appointment Letter, Dodson reviewed the University's Academic Handbook, which contained policies and procedures governing reappointment,

tenure, and promotion. The Handbook also included a Disclaimer clause stating, "Statements and policies in this Handbook do not create a contract and do not create any legal rights." *Id.*, Vol. III at 13 (emphasis omitted). On June 27, 2016, Dodson signed the Appointment Letter and accepted her appointment.

[3] Over the course of the next several years, the University offered to reappoint Dodson as an assistant professor for one-year terms and each year Dodson signed the Appointment Letter. In fall 2012, Dodson applied for tenure with promotion, the University formally reviewed Dodson, and on November 30, the All Campus Promotion and Tenure Committee informed Dodson it would not recommend she be granted tenure with promotion. However, Dodson was reappointed for a one-year term as an assistant professor for the 2013-14 school year consistent with previous years. At some point, Dodson unsuccessfully appealed the University's decision to not grant her tenure with promotion. At the end of the 2013-14 school year, Dodson's appointment expired and the University did not offer to renew her appointment.

[4] On June 6, 2014, Dodson sued the University alleging breach of contract and due process violations. On September 18, 2015, the University moved for summary judgment, which the trial court granted. This appeal ensued.

# Discussion and Decision

# I.  Standard of Review

The party moving for summary judgment must "affirmatively negate an opponent's claim" by demonstrating the designated evidence raises no genuine issue of material fact and it is entitled to judgment as a matter of law.  *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (internal quotation marks and citation omitted); *see also* Ind. Trial Rule 56(C).  Summary judgment is improper if the moving party fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact in order to preclude summary judgment.  *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 (Ind. 2012).  "We will affirm a summary judgment ruling on any legal theory which is consistent with the designated evidence in the record."  *Wickey v. Sparks*, 642 N.E.2d 262, 265 (Ind. Ct. App. 1994), *trans. denied*.

# II.  Handbook

Dodson contends the trial court erred in entering judgment in favor of the University on her breach of contract claim.  Specifically, she claims the plain language of her employment contract dictates the parties intended to incorporate the Handbook into her contract and therefore the University breached the contract when it did not abide by the Handbook in denying Dodson tenure with promotion and/or reappointment.  The University counters the Disclaimer demonstrates the Handbook is not to be construed as part of the contract and Dodson's claim fails.  We agree with the University.

"The Seventh Circuit has held that a clear and forthright disclaimer 'is a complete defense to a suit for breach of contract based [up]on an employee handbook.'" *Lim v. Trs. of Ind. Univ.*, No. IP-99-0419-C-M/S, 2001 WL 1912634, at *19 (S.D. Ind. Dec. 4, 2001) (alteration in original) (quoting *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)). However, the effect of a disclaimer "can be canceled by evidence that casts doubt upon its meaning or the parties' mutual intent." *Id.*

Here, the Handbook provides, "Statements and policies in this Handbook do not create a contract and do not create any legal rights." Appellant's App., Vol. III at 13 (emphasis omitted). Dodson attempts to sidestep the Disclaimer by arguing the Appointment Letter includes a provision she claims shows the parties intended to incorporate the Handbook into the contract. The clause in question provides,

> I agree to the terms of this appointment as indicated above. I have read and agree to the criteria and procedures employed in recommendations and decisions about reappointment and the awarding of tenure at Indiana University and any special procedures customarily employed in the department, school, program, or division of the University in which my appointment is to be recommended.

*Id.*, Vol. II at 116. Thus, Dodson's sole contention on this issue is that this clause creates a genuine issue of material fact as to the effect of the Disclaimer.

At the outset, we emphasize a disclaimer is a complete defense unless there is evidence casting doubt upon the meaning of the clause or the parties' *mutual*

intent. *See Lim*, 2001 WL 1912634, at *19. We are not persuaded the Appointment Letter casts doubt on the meaning of the Disclaimer or the parties' mutual intent. Clearly, the Disclaimer dictates the University never intended the Handbook to form part of its contract with Dodson. *See Lim*, 2001 WL 1912634, at *19. Therefore, Dodson's act of signing the Appointment Letter—at most—evidences her own, but not the University's, intent to incorporate the Handbook into Dodson's employment contract.[1] We conclude the Appointment Letter does not create a genuine issue of material fact as to the effect of the Disclaimer and therefore the trial court did not err in entering judgment in favor of the University on Dodson's breach of contract claim.

[10]     Dodson also argues the trial court erred in entering judgment in favor of the University on her claim for damages under 42 U.S.C. § 1983 for violations of her due process. However, Dodson's specific arguments as to this claim all rely on the presumption that her employment contract incorporated the policies contained within the Handbook and that the University failed to comply with these policies when it denied Dodson tenure with promotion and/or reappointment. Having concluded Dodson's employment contract did not

---

[1] We take this opportunity to address the unique legal practicality of employee handbooks. On one hand, we certainly recognize handbooks may convey useful information to employees and may have the effect of placing employers under certain moral obligations to uphold promises despite the promises not being legally binding. *See Workman*, 234 F.3d at 1001. On the other hand, however, we note that our caselaw has fostered an environment whereby employers may provide in handbooks gratuitous, but not enforceable, promises to employees thereby making it appear as if employees have additional rights when the employer is generally able to deviate from the handbook without consequence. We therefore question the real value and purpose of employee handbooks.

incorporate the policies and procedures detailed in the Handbook, this claim also fails as a matter of law.[2] The trial court did not err in entering summary judgment in favor of the University on Dodson's due process claims.

# Conclusion

The trial court did not err in entering judgment in favor of the University as to Dodson's claims for breach of contract and due process violations. Accordingly, we affirm the grant of summary judgment.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[2] For this reason, we need not address the parties' contentions regarding qualified and Eleventh Amendment immunity.