

FILED

Jun 14 2017, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert A. Montgomery
Law Offices of Robert Montgomery
Munster, Indiana

ATTORNEYS FOR APPELLEES

Peter H. Pogue
Daniel B. Gearhart
Justin C. Kuhn
Schultz & Pogue, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Craig Totton, | June 14, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 24A01-1612-CT-2849 |
| v. | Appeal from the Franklin Circuit Court |
| Daniel P. Bukofchan, D.C., and Franklin County Chiropractic Clinic, | The Honorable Clay M. Kellerman, Judge |
| *Appellees-Respondents* | Trial Court Cause No. 24C02-1512-CT-808 |

**Vaidik, Chief Judge.**

# Case Summary

[1] In this medical-malpractice case against a chiropractor, the medical review panel, which consisted of three chiropractors, found that the defendant-chiropractor met the applicable standard of care and did not cause the plaintiff's injuries. The defendant-chiropractor moved for summary judgment, and in opposition the plaintiff designated an affidavit from his own chiropractor, who opined that the defendant-chiropractor did not meet the applicable standard of care and caused the plaintiff's injuries. The trial court entered summary judgment in favor of the defendant-chiropractor because it found that chiropractors are not qualified to give expert opinions as to the medical cause of injuries.

[2] A non-physician healthcare provider, such as a chiropractor, may qualify under Indiana Evidence Rule 702 to render an opinion as to medical causation if the causation issue is not complex. But the medical-causation issue in this case is complex. Accordingly, if a non-physician healthcare provider is not qualified under Evidence Rule 702 to render an opinion as to medical causation because the causation issue is complex, then chiropractors sitting on medical review panels are likewise not qualified to render opinions as to medical causation when the causation issue is complex. Thus, the opinion of the all-chiropractor medical review panel in this case can only be used as evidence that the defendant-chiropractor met the applicable standard of care. Because there is a genuine issue of material fact on this issue, we reverse the entry of summary judgment in favor of the defendant-chiropractor and remand this case for trial.

# Facts and Procedural History

[3] Craig Totton started receiving chiropractic treatments from Dr. Daniel P. Bukofchan at Franklin County Chiropractic Clinic for neck and lower back pain in January 2006. He reported having a compressed disc in the 1980s. In September 2009, Totton was involved in a motorcycle accident in which he broke multiple ribs and fractured his ankle; he returned to Dr. Bukofchan in January 2010 for treatments. During a visit on November 24, 2010, Dr. Bukofchan performed a cervical manipulation that caused tingling down Totton's arm. When Totton returned for his next visit, he told Dr. Bukofchan that he was experiencing pain in the left side of his neck, shoulder, and arm. According to Totton, Dr. Bukofchan then snapped his neck, at which point he experienced sharp pain and tingling down his arm. Thereafter, Totton's left arm progressively weakened. A December 2, 2010 MRI revealed a herniated disc in Totton's neck. Totton underwent anterior cervical discectomy and fusion (ACDF) surgery on January 5, 2011, to treat the herniated disc.

[4] In 2012, Totton filed a proposed complaint for medical malpractice against Dr. Bukofchan and Franklin County Chiropractic Clinic (collectively "Dr. Bukofchan") with the Indiana Department of Insurance. The complaint alleged that on November 24, 2010, and thereafter, Dr. Bukofchan carelessly, negligently, and unskillfully examined and treated Totton and that as a direct and proximate result, he suffered personal injuries and an aggravation of a preexisting injury. The medical review panel, which consisted of three chiropractors, issued a unanimous opinion in 2015:

> The evidence does not support the conclusion that the Defendants failed to meet the applicable standard of care as charged in the complaint, and the conduct complained of was not a factor of the resultant damages.

Appellant's App. Vol. II p. 28.

[5] Thereafter, Totton filed a complaint against Dr. Bukofchan in Franklin Circuit Court. Dr. Bukofchan sought summary judgment on grounds that Totton "has not presented any expert testimony to refute the opinion of the Medical Review Panel." *Id.* at 19. In opposition to Dr. Bukofchan's motion, Totton designated an affidavit from chiropractor Guy S. DiMartino. Specifically, Dr. DiMartino opined that Dr. Bukofchan failed to meet the applicable standard of care **and** caused or substantially contributed to Totton's injuries. *Id.* at 40-41.

[6] At the summary-judgment hearing, Dr. Bukofchan argued that Dr. DiMartino was not qualified to provide expert testimony on the causation of Totton's injuries because he is a chiropractor and not a physician. The trial court agreed and entered summary judgment in favor of Dr. Bukofchan:

> The Court being duly advised does hereby find that there exists no genuine issue of material fact in this matter as plaintiff has failed to produce an expert opinion refuting the unanimous opinion rendered by the medical review panel. The plaintiff designated an affidavit from a chiropractor in attempting to provide expert testimony to contradict the finding of the medical review panel. However, chiropractors do not generally have the same education, training and experience as physicians. In an action for medical malpractice, whether the defendant used suitable professional skill must generally be proven by expert

testimony. A review of the medical licensing statutes indicates that chiropractors are more akin to nurses in that they receive limited medical licenses and are therefore not qualified to offer expert testimony as to the medical cause of injuries. The Defendants' Motion for Summary Judgment is therefore granted.

*Id.* at 9.

[7] Totton now appeals.

# Discussion and Decision

[8] Totton appeals the trial court's entry of summary judgment in favor of Dr. Bukofchan. We review summary judgment de novo, applying the same standard as the trial court: Drawing all reasonable inferences in favor of the non-moving party, summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 12(C); *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[9] The initial burden is on the summary-judgment movant to demonstrate the absence of any genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. *Hughley*, 15 N.E.3d at 1003. And although the non-movant has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court. *Id.*

[10] Totton argues that Dr. DiMartino, a chiropractor, is qualified under Indiana Evidence Rule 702 to render an opinion as to the "causation of injuries inflicted by chiropractic treatment." Appellant's Br. p 7. Indiana Evidence Rule 702 provides:

> (a) A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

> (b) Expert scientific testimony is admissible only if the court is satisfied that the expert testimony rests upon reliable scientific principles.

Two requirements must be met for a witness to qualify as an expert. *Spaulding v. Harris,* 914 N.E.2d 820, 829 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied.* First, the subject matter must be distinctly related to some scientific field, business, or profession beyond the knowledge of the average layperson; and second, the witness must be shown to have sufficient skill, knowledge, or experience in that area so that the opinion will aid the trier of fact. *Id.*

[11] Dr. Bukofchan concedes that Dr. DiMartino is qualified under Evidence Rule 702 to render an opinion as to the standard of care of a chiropractor. However, Dr. Bukofchan argues that Dr. DiMartino is not qualified under Evidence Rule 702 to render an opinion as to the medical causation of Totton's injuries because he is not a physician.

[12]     The general rule is that non-physician healthcare providers are not qualified under Evidence Rule 702 to render opinions as to medical causation. *See Nasser v. St. Vincent Hosp. & Health Servs.*, 926 N.E.2d 43 (Ind. Ct. App. 2010), *trans. denied*; *Long v. Methodist Hosp. of Ind., Inc.*, 699 N.E.2d 1164 (Ind. Ct. App. 1998), *trans. denied*; *Stryczek v. The Methodist Hosps.*, 694 N.E.2d 1186 (Ind. Ct. App. 1998), *trans. denied*. The rationale for this general rule is that there is a significant difference in the education, training, and authority to diagnose and treat diseases between physicians and non-physician healthcare providers. *Cf.* Ind. Code § 25-22.5-1-1.1 (physicians) *with* Ind. Code § 25-23-1-1.1 (registered nurses) & Ind. Code § 25-10-1-1 (chiropractors). In short, physicians have unlimited licenses, while registered nurses and chiropractors have limited licenses.

[13]     However, there is not a blanket rule that prohibits non-physician healthcare providers from qualifying as expert witnesses as to medical causation under Evidence Rule 702. In *Curts v. Miller's Health Systems*, 972 N.E.2d 966 (Ind. Ct. App. 2012), we held that a non-physician healthcare provider may qualify under Evidence Rule 702 to render an opinion as to medical causation if the causation issue is not complex. "The determinative question is whether [the non-physician healthcare provider] has sufficient expertise, as provided in Rule 702(a), with the factual circumstances giving rise to the claim and the patient's injuries." *Id.* at 971.

[14]     But here, Dr. Bukofchan argues that the medical-causation issue is complex. As he explains in his brief:

> Totton's medical condition at issue in this case is complex and involves over twenty years of pre-existing conditions, a serious motor vehicle accident, and years of ongoing treatment culminating in a cervical disc injury with apparent nerve damage which required a complex ACDF surgical procedure performed by an orthopedic surgeon. The nuances of what portions of Totton's extensive medical history may have caused or contributed to his cervical soft tissue injury involves subject matter that is beyond the expertise of a chiropractor.

Appellees' Br. p. 15. We agree.

[15] That being said, if a non-physician healthcare provider, such as a chiropractor, is not qualified under Evidence Rule 702 to render an opinion as to medical causation because the causation issue is complex, then chiropractors sitting on medical review panels are likewise not qualified to render opinions as to medical causation when the causation issue is complex. The rationale for this flows from our holding in *Nasser*. There, we held that a nurse who served on a medical review panel consisting of two physicians and one nurse was not qualified under Evidence Rule 702 to give her expert opinion as to medical causation (because it was beyond the scope of her professional expertise), either to create a genuine issue of material fact on summary judgment or to serve as substantive evidence at trial. *Nasser*, 926 N.E.2d at 52. In reaching this holding, we noted that there was a conflict between Indiana Code section 34-18-10-23, which provides that the "report of the expert opinion reached by the medical review panel is admissible as evidence in any action subsequently brought by the claimant in a court of law," and Evidence Rule 702. In the face of this conflict, we found that Evidence Rule 702 "prevail[ed]" and that the

nurse's opinion was inadmissible. *Nasser*, 926 N.E.2d at 52. Because the requirements of Evidence Rule 702 have not been met given the complex causation issues present in this case, the unanimous opinion of the all-chiropractor medical review panel cannot be used as evidence that Dr. Bukofchan did not cause Totton's injuries. Rather, the opinion can only be used as evidence that Dr. Bukofchan met the applicable standard of care, which squarely falls within the chiropractors' area of expertise. Totton, however, created a genuine issue of material fact on this issue by designating the affidavit of Dr. DiMartino, who opined that Dr. Bukofchan failed to meet the applicable standard of care. *See Hughley*, 15 N.E.3d at 1003. We therefore reverse the entry of summary judgment in favor of Dr. Bukofchan and remand this case for trial.

Reversed and remanded.

Bailey, J., and Robb, J., concur.