

**FILED**

Aug 16 2019, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniyal M. Habib
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey M. Bellamy
Stephen R. Donham
Thrasher Buschmann &
Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Metropolitan Development Commission, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Worth Outdoor, LLC, <br> *Appellee-Defendant* | August 16, 2019 <br><br> Court of Appeals Case No. 19A-OV-212 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Cynthia J. Ayers, Judge <br><br> Trial Court Cause No. 49D04-1708-OV-30316 |

**Baker, Judge.**

[1]     Worth Outdoor, LLC (Worth), altered an existing billboard in 2015 by replacing a static sign with a digital display. Since that time, the relevant ordinances contained in the Revised City-County Code have been amended. The billboard does not comply with the amended ordinances. But Worth argues that its sign should be grandfathered in as a legally established nonconforming use.

[2]     The Indianapolis Metropolitan Development Commission (the MDC) appeals the trial court's order granting summary judgment in favor of Worth on the MDC's complaint for injunctive relief and fines. Finding that the billboard is not a legally established nonconforming use because it did not comply with all ordinances in effect at the time of construction, we reverse and remand for trial.

## Facts

[3]     In 2004, Worth acquired the right to locate a static billboard sign on Pendleton Pike in Lawrence via an Access, Sign, and Utility Easement that was later recorded in 2009. In March 2009, Worth applied for and received a Sign Permit for an Advertising Sign from the MDC. Worth also sought, and received, a building permit from Lawrence in March 2009, and constructed the billboard later that year. Both sides of the billboard were static, printed displays.

[4]     In 2013, Worth decided to convert the northeast facing side of the billboard to a digital, animated LED sign. Worth sought (and received) permission from the Indiana Department of Transportation (INDOT) to convert the static billboard

to a digital LED sign. Worth also received permits from the City of Lawrence. Worth's designated evidence does not show that it sought an Improvement Location Permit (ILP) from the MDC to alter the billboard.

[5] In October 2015, Worth replaced the static display side of the billboard with a digital display. A significant amount of work was required to build the new, heavy, 378-square-foot sign and prepare it for installation. After the digital sign was built and prepared for installation, the old billboard was removed and lowered, the new sign was erected using heavy cranes and welded to the existing pole, the digital LED sign was affixed to the sign support, and the electrical work was completed. The digital sign face was installed and operational by November 2015.

[6] From the time Worth began its efforts to convert its billboard to a digital display in 2013 until the time the digital installation was complete in early November 2015, the following zoning ordinances in the City-County Code were in effect: (1) Chapter 730-300, which required landowners to obtain an ILP before constructing or altering any structure in Marion County; and (2) Chapter 734, which contained two relevant provisions: a second ILP requirement and a ban on digital or animated signs in C-3 districts.

[7] Contemporaneously, litigation regarding the constitutionality of Chapter 734 was ongoing in the Southern District of Indiana. *GEFT Outdoor LLC v. Consol. City of Indianapolis & Cty. of Marion, Indiana*, 187 F. Supp. 3d 1002 (S.D. Ind. 2016). On May 20, 2016, the *GEFT* Court issued an opinion holding that

Chapter 734, in its entirety, violated the First Amendment to the United States Constitution. *Id.* at 1006-07.[1] The *GEFT* Court explicitly invalidated the entire ordinance included in Chapter 734. *Id.* at 1015. Subsequently, GEFT and the City of Indianapolis entered into a stipulated final judgment, pursuant to which the City and its agencies agreed that the entire former Chapter 734 was unconstitutional and that they would not contest that ruling. Appellees' App. Vol. II p. 56-66.

[8] On August 4, 2017, the MDC filed a lawsuit against Worth, claiming that Worth had violated portions of the City-County Code by operating an unpermitted billboard sign and failing to obtain an ILP before altering the billboard. The MDC sought injunctive relief and fines totaling $40,000. The complaint did not allege that there were any violations with respect to the pole structure and foundation supporting the billboard; instead it focused solely on the display. Worth responded by arguing that because *GEFT* had found the sign ordinance unconstitutional and void, there was no valid requirement that it obtain an ILP before installing the digital sign.

[9] On August 20, 2018, Worth moved for summary judgment. The trial court granted the motion and entered summary judgment on October 23, 2018. The MDC now appeals.

---

[1] The *GEFT* Court also considered an amended version of Chapter 734 and found that the amended version passed constitutional muster. *Id.* at 1007. That amendment, however, was passed on November 30, 2015, meaning that it does not affect the course of events in this appeal.

# Discussion and Decision

[10] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[11] It is undisputed that Worth's digital billboard does not comply with current provisions of the Revised City-County Code. Worth argues, however, that its billboard constitutes a legally established nonconforming use and should be permitted to remain. In layman's terms, Worth argues that its billboard should be grandfathered into the current code. To be a legally established nonconforming use, the construction, enlargement, extension, reconstruction, or relocation "must have been done in conformity with the Zoning Ordinance in place at the time and have been done for uses permitted at the time." Rev. Code § 740-601(B)(2); *see also Metro. Dev. Comm'n of Marion Cty. v. Pinnacle Media, LLC*, 836 N.E.2d 422, 425 (Ind. 2005) (holding that "a nonconforming use is a use of property that lawfully existed prior to the enactment of a zoning

ordinance that continues after the ordinance's effective date even though it does not comply with the ordinance's restrictions").

[12] At the time Worth sought permission for and installed its digital billboard, two relevant ordinances were in effect. One—Chapter 734—was found unconstitutional and void by *GEFT*. The other—Chapter 730—was not affected by the *GEFT* decision. Worth argues that *GEFT* implicitly voided "any applicable zoning ordinance for signs in Marion County," including Chapter 730 along with 734. Appellee's Br. p. 30. We disagree, as the *GEFT* Court quite explicitly addressed only Chapter 734. 187 F. Supp. 3d at 1005 (defining Chapter 734 as "the Sign Ordinance), and 1015 (holding that the "Sign Ordinance violates the First Amendment"). Inasmuch as we endeavor to narrowly construe holdings finding constitutional violations, we decline to extend *GEFT* beyond its explicit holding.

[13] Chapter 730 stated, in relevant part, as follows:

> No structure shall be located, *erected, altered* or repaired upon any land within Marion County, Indiana, until an [ILP] has been applied for by the owner (or authorized agent) thereof and issued by the [MDC].

Rev. Code § 730-300(b)(1) (1998) (emphasis added). The term "structure" was defined as follows:

> . . . a "structure," for which an [ILP] shall be required, shall include any building, *sign*, or other structure, constructed or erected, the use of which requires a more or less specific location

upon the ground, whether permanently affixed to the ground, temporary or mobile.

Rev. Code § 730-307(b) (1998) (emphasis added). Additionally, a "'structure' includes any part thereof." *Id.* at -307(a)(5).

[14] Here, Worth's billboard is a sign that requires a specific location upon, and is permanently affixed to, the ground. In other words, it is a "structure" within the meaning of former Section 730-300(b)(1).[2] Worth sought to convert its billboard from a static display to a digital sign. Reasonable people could dispute whether this process was a new sign being erected or an old sign being altered, but either way, former Section 730-300(b)(1) plainly requires that the owner apply for, and receive, an ILP. The language is clear and unambiguous, and would have applied even if the new, bigger, heavier billboard installed by Worth was another static, non-digital display.[3]

---

[2] Worth argues that this ordinance governs only where the billboard pole is located rather than the structure affixed to the top of the pole. This argument has no support in the plain language of the ordinance, which explicitly states that a "structure" includes a "sign" and that a "structure" includes any part thereof.

Similarly, Worth argues that because the City did not argue below that Worth's "pole structure" did not comply with relevant ordinances, it may not raise that argument here. Appellee's Br. p. 21 (arguing that the City is now litigating a "pole case" along with its "sign case"). Worth obfuscates the City's argument, which is, and always has been, that the *sign itself* required an ILP at the time it was altered. This is not a new argument requiring different evidence or development of a different record, it is simply a legal argument based in the plain language of relevant ordinances.

[3] We agree with the MDC that there are good reasons for requiring the ILP. In this specific case, the ILP process would have enabled the City to ensure that the new billboard was safe, answering questions such as, "[i]s the pole constructed to hold a static vinyl face structurally sound enough to hold a massive, heavy 378-square-foot digital display? Did Worth do proper engineering to determine things like increased wind loads on the larger display? We simply don't know[.]" Appellant's Br. p. 21 n.3.

[15] There is no evidence in the record that Worth ever applied for an ILP at the time it sought permission for, and completed, installation of the new billboard. As such, this process did not comply with the ordinances in place at the time and cannot be a legally established nonconforming use. Similarly, because the digital billboard never lawfully existed and its permit application process was incomplete, Worth cannot make a successful claim that it has vested rights in that billboard. *See* Ind. Code § 36-7-4-1109(c) (giving statutory vested rights to a person who filed a complete application as required by the effective ordinances of a local government agency).[4]

[16] With respect to *GEFT* and former Chapter 734, the City argues that the opinion does not bind this Court. Whether or not it binds us, we see no reason to question or disturb a holding of a sister court and would choose to abide by it. But we need not even reach *GEFT* because we find, under former Chapter 730, that Worth has failed to show that its new billboard constitutes a legally established nonconforming use.

[17] Because Worth has not showed that its billboard constitutes a legally established nonconforming use, the billboard is subject to the current ordinances. Summary judgment should not have been granted in its favor.

---

[4] Nor can Worth argue that it acted in good faith by relying on *GEFT*. *GEFT* was decided six months *after* Worth completed construction and installation of the digital billboard.

[18]    The judgment of the trial court is reversed and remanded for trial.

Kirsch, J., and Crone, J., concur.