## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2020, 10:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Daniel Brewington
Dublin, Ohio

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Brewington,

*Appellant-Plaintiff,*

v.

Dearborn Superior Court II,
Judge Sally McLaughlin,
Judge Brian Hill,
Court Reporter Barbara Ruwe,

*Appellees-Defendants*

July 29, 2020

Court of Appeals Case No.
19A-PL-3047

Appeal from the
Dearborn Superior Court

The Honorable
Donald J. Mote, Special Judge

Trial Court Cause No.
15D01-1702-PL-13

**Vaidik, Judge.**

# Case Summary

[1] Daniel Brewington sued Dearborn Superior Court II and other defendants, alleging that they failed to give him the complete audio of the grand-jury proceedings in his criminal case in violation of the Indiana Access to Public Records Act (APRA). Both Brewington and the defendants moved for summary judgment, and the trial court entered summary judgment in favor of the defendants. Because Indiana law only allows the release of a transcript of the testimony of a grand-jury witness, and not audio, we affirm the trial court.

# Facts and Procedural History

[2] In 2011, a Dearborn County grand jury indicted Brewington on six offenses. To help him prepare for trial, Brewington was given a transcript of the grand-jury proceedings. A jury trial was held in Dearborn Superior Court II before Special Judge Brian Hill, and the jury convicted Brewington of five of the six charges. On appeal, the Indiana Supreme Court affirmed three of Brewington's convictions. *Brewington v. State*, 7 N.E.3d 946 (Ind. 2014).

[3] In January 2016, Brewington submitted an APRA request to Dearborn Superior Court II, asking for an audio recording of the grand-jury proceedings in his criminal case. Appellant's App. Vol. III p. 7. The court denied Brewington's request. *Id.* at 11. In February, Brewington submitted an amended APRA request to the court, again seeking an audio recording of the grand-jury proceedings in his criminal case. The next month, before receiving a response to

his amended request, Brewington filed a formal complaint with the Office of the Public Access Counselor.

[4]     In April 2016, the Public Access Counselor issued an advisory opinion that "because the transcript of the grand jury proceedings ha[d] previously been provided to [Brewington], a copy of the audio recordings of said proceedings should be released as well." *Id.* at 66. In response to the Public Access Counselor's advisory opinion, the court ordered the court reporter to "prepare a compact disc of audio recordings of the Grand Jury proceedings[.]" *Id.* at 68. Brewington received an audio recording but believed it was incomplete. In May, Brewington filed an amended request for "complete unedited copies of the grand jury audio" in his criminal case, which the court denied. *Id.* at 70.

[5]     In February 2017, Brewington filed a civil complaint under APRA in Dearborn Superior Court I against Dearborn Superior Court II/Judge Sally McLaughlin (the sitting judge), Judge Hill (the special judge in his criminal case), and Barbara Ruwe (the court reporter in Superior Court II) "for failing to disclose public records as required by law," specifically, "the entire audio record from the grand jury proceedings" in his criminal case. Appellant's App. Vol. II p. 76. Brewington sought (1) a declaration that the defendants violated APRA, (2) an injunction requiring the defendants to "disclose without alteration or redaction" an audio recording of the grand-jury proceedings in his criminal case, and (3) attorney's fees and costs. *Id.* at 76-77.

[6] In March 2017, Ruwe moved for judgment on the pleadings, which the trial court granted. In April, Brewington filed a motion for summary judgment. The remaining defendants (hereinafter, "Defendants") then filed a cross-motion for summary judgment, alleging that Brewington "already received the records he requested and is not entitled to the records he . . . further requests." Appellant's App. Vol. III p. 4. Finding that Brewington was not entitled to an audio recording of the grand-jury proceedings under APRA, the court denied Brewington's motion and granted Defendants' cross-motion.

[7] Brewington now appeals.

# Discussion and Decision

[8] Brewington appeals the trial court's grant of Defendants' cross-motion for summary judgment. We review motions for summary judgment de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). That is, "The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[9] Under APRA, "Any person may inspect and copy the public records of any public agency during the regular business hours of the agency," subject to several exceptions. Ind. Code § 5-14-3-3(a). One exception is that a public agency may not disclose records "declared confidential by state statute." Ind.

Code section § 5-14-3-4(a)(1). Indiana Code 35-34-2-4(i) provides that grand-jury proceedings are secret and generally should not be disclosed:

> Grand jury proceedings shall be secret, and no person present during a grand jury proceeding may, except in the lawful discharge of his duties or upon written order of the court impaneling the grand jury or the court trying the case on indictment presented by the grand jury, disclose:
>
> > (1) the nature or substance of any grand jury testimony; or
>
> > (2) any decision, result, or other matter attending the grand jury proceeding.
>
> However, any court may require any person present during a proceeding to disclose the testimony of a witness as direct evidence in a prosecution for perjury.

*See also Hinojosa v. State*, 781 N.E.2d 677, 680 (Ind. 2003) ("[T]he general rule regarding grand jury transcripts is that they be kept secret."). Indeed, it is a criminal offense to knowingly or intentionally disclose information acquired in a grand-jury proceeding unless compelled by law. Ind. Code § 35-34-2-10(a); *Hinojosa*, 781 N.E.2d at 680. However, the legislature created an exception to the general rule of secrecy by granting trial courts the discretion to release a "transcript" of a grand-jury witness's testimony in the following narrow circumstances:

> (1) for the official use of the prosecuting attorney; or
>
> (2) upon order of:

(A) the court which impaneled the grand jury;

(B) the court trying a case upon an indictment of the grand jury; or

(C) a court trying a prosecution for perjury;

but only after a showing of particularized need for the transcript.

I.C. § 35-34-2-10(b).

According to the above statutes, the general rule is that grand-jury proceedings are confidential and therefore cannot be disclosed under APRA. Although there are narrow circumstances under which a **transcript** of a grand-jury witness's testimony may be disclosed, the statutes do not provide for the disclosure of **audio**. But Dearborn Superior Court II, in response to the Public Access Counselor's advisory opinion, ordered the court reporter to give Brewington an audio recording of the grand-jury proceedings. However, that does not change our conclusion that these statutes do not authorize the disclosure of audio. Accordingly, Brewington is not entitled to any additional audio he believes exists from the grand-jury proceedings in his criminal case under APRA. We therefore affirm the trial court's grant of Defendants' cross-motion for summary judgment.[1]

---

[1] Brewington filed at least two motions to disqualify the Office of the Attorney General in the trial court, which were denied. On appeal, Brewington says we should "consider the disqualification" of the Office of

Affirmed.

Baker, J., and Bailey, J., concur.

---

Attorney General. Appellant's Br. p. 33. Brewington, however, has waived this argument for failing to support it with cogent reasoning and citation to authorities. *See* Ind. Appellate Rule 46(A)(8)(a).