FILED

May 01 2019, 5:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Robert F. Ahlgrim, Jr.
State Auto Insurance House Counsel
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Emily C. Guenin-Hodson
Mark C. Guenin
Guenin Law Office, P.C.
Wabash, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dunham's Athleisure Corp., <br> *Appellant-Defendant,* <br><br> v. <br><br> Keith Shepherd, <br> *Appellee-Plaintiff.* | May 1, 2019 <br><br> Court of Appeals Case No. <br> 18A-PL-2892 <br><br> Appeal from the Wabash Superior Court <br><br> The Honorable Karen A. Springer, Judge Pro Tempore <br><br> Trial Court Cause No. <br> 85D01-1703-PL-156 |

**Najam, Judge.**

## Statement of the Case

[1] Dunham's Athleisure Corp. ("Dunham's") appeals the trial court's denial of its motion for summary judgment on Keith Shepherd's complaint in which Shepherd alleged, among other claims, Dunham's negligence in the sale of a firearm to a third party. Dunham's presents a single dispositive issue for our

review, namely, whether the trial court erred when it denied Dunham's summary judgment motion.

[2] We reverse.

## Facts and Procedural History

[3] In the fall of 2016, Shepherd and his girlfriend Christina Bowman went to Dunham's, and Bowman asked Shepherd to buy her a gun. Shepherd refused, and the two began to argue. After Bowman walked away, Shepherd turned to an employee standing behind the counter where guns were sold and said, "[W]hatever you do, don't ever sell that little girl a gun. [S]he's dangerous. . . . [S]he would shoot me[.]" Appellant's App. Vol. II at 67.

[4] On December 15, Bowman went to Dunham's by herself and bought a handgun.[1] On December 23, Bowman used that handgun to shoot Shepherd, who survived his injuries. On March 1, 2017, Shepherd filed a complaint against Dunham's alleging negligence, negligent entrustment, and "negligent training and supervision" and seeking damages for his injuries.[2] *Id.* at 41. The parties filed cross-motions for summary judgment. Following a hearing, the trial court denied the motions. In particular, in denying Dunham's summary

---

[1] Shepherd alleges that Dunham's violated "its own corporate policies during the sale of the gun to Bowman," as well as "two aspects of ATF Form 4473." Appellee's Br. at 5, 9. As we explain below, regardless of the bases for the alleged unlawful sale of the gun to Bowman, Dunham's is entitled to summary judgment in its favor on Shepherd's complaint.

[2] Shepherd also sued Bowman for "reckless injury," but that claim is not relevant to this certified interlocutory appeal.

judgment motion, the trial court found that genuine issues of material fact exist as to whether Dunham's sale to Bowman was unlawful. And the court concluded in relevant part that those questions of fact precluded a determination on summary judgment that Dunham's was immune from liability under Indiana Code Section 34-12-3-3. This certified interlocutory appeal ensued.

## Discussion and Decision

[5] Dunham's contends that the trial court erred when it denied its summary judgment motion. Our standard of review is clear. The Indiana Supreme Court has explained that

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

> The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving

party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*).

[6] Indiana Code Section 34-12-3-3 (2018) provides:

> Except as provided in section 5(1) or 5(2)[3] of this chapter, a person may not bring or maintain an action against a firearms or ammunition manufacturer, trade association, or seller for:
>
> (1) recovery of damages resulting from, or injunctive relief or abatement of a nuisance relating to, the lawful:
>
>> (A) design;
>>
>> (B) manufacture;
>>
>> (C) marketing; or
>>
>> (D) sale;
>
> of a firearm or ammunition for a firearm; or

---

[3] Neither of these sections applies here.

(2) recovery of damages resulting from the criminal or unlawful misuse of a firearm or ammunition for a firearm by a third party.

[7]   Our Supreme Court recently recognized that this statute "functions as an immunity provision" and "forecloses aggrieved plaintiffs from bringing suit" for recovery of damages[4] against a firearms seller "even if the firearm has been sold unlawfully." *KS&E Sports v. Runnells*, 72 N.E.3d 892, 899-900 (Ind. 2017). In *KS&E*, the plaintiff was shot and sued a firearms seller. In particular, the plaintiff alleged that the seller had knowingly sold a firearm to the shooter via an illegal "straw man" purchase. On appeal, our Supreme Court held in relevant part as follows:

> A recurring theme throughout [the plainttif's] allegations is that if [the seller] had followed governing law and applicable gun-sales standards, "the Smith & Wesson handgun would not have been sold to [the buyer] and [plaintiff] would not have been shot."
>
> Given these allegations, KS&E enjoys immunity under subsection 3(2). Runnels alleges he sustained injuries when [the shooter], who had no legal right to possess the handgun, shot Runnels with it during a traffic stop. By any measure, that amounts to "criminal or unlawful misuse of a firearm . . . by a third party." I.C. § 34-12-3-3(2). And for the injuries he sustained, Runnels seeks only damages on these negligence counts.
>
> Runnels cannot avoid KS&E's entitlement to immunity by arguing he seeks relief only for KS&E's own misconduct and not

---

[4] The statute does not bar "*other* claims, such as those for equitable relief," but Shepherd does not bring claims other than for damages. *KS&E Sports v. Runnells*, 72 N.E.3d 892, 901 (Ind. 2017).

that of third parties Blackburn or Martin. Under Runnels's theory of this case, he incurred no injury until Martin shot him. We hold under the governing immunity statute that Runnels's claims "result[ ] from the criminal or unlawful misuse of a firearm . . . by a third party," I.C. § 34-12-3-3(2), and thus are barred.

*Id.* at 901-02. Further, as then-Justice Rucker pointed out in his separate opinion in partial dissent, the holding in *KS&E* means that a firearms seller's statutory immunity would apply even where the seller knowingly and intentionally sells a firearm to a buyer who expresses his intent to give the firearm to an admitted felon who, in turn, tells the seller, "I intend to go on a shooting spree." *Id.* at 908 (Rucker, J., concurring in part, dissenting in part). In other words, the Court in *KS&E* held that plaintiffs may not rely on the harm caused by the misuse of an unlawfully sold firearm to sue the seller for the unlawful sale.

[8] Here, each of Shepherd's claims against Dunham's arises out of the alleged unlawful sale of a firearm to Bowman, who then shot Shepherd. Bowman's conduct amounts to "criminal or unlawful misuse of a firearm . . . by a third party."[5] I.C. § 34-12-3-3(2). Following the holding of *KS&E*, we conclude that

---

[5] To the extent "third party" may have been ambiguous in this statute, our Supreme Court plainly refers to Blackburn, the buyer, or *first* party in the context of the firearm sale, as a third party in the context of Runnells' lawsuit against KS&E and the statute. *KS&E*, 72 N.E.3d at 901. Thus, here, Bowman, the buyer, is a third party under the statute in the context of Shepherd's lawsuit against Dunham's, and subsection (2) applies to her criminal misuse of the firearm.

Dunham's is immune from liability as a matter of law. *See id.* Thus, the trial court erred when it denied Dunham's summary judgment motion.

[9] Reversed.

Pyle, J., and Altice, J., concur.