## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 14 2019, 9:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| David W. Stone IV | Anthony C. Lawrence |
| Anderson, Indiana | Anderson, Indiana |

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony W. French,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Jeffrey A. Lockwood,<br>*Appellee-Defendant.* | June 14, 2019<br><br>Court of Appeals Case No.<br>18A-PL-2385<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Carl Van Dorn, Senior Judge<br><br>Trial Court Cause No.<br>48C03-1805-PL-63 |

**Najam, Judge.**

## Statement of the Case

[1]     Anthony French appeals the trial court's entry of summary judgment for Jeffrey Lockwood on French's complaint for damages. French presents a single issue

for our review, namely, whether his complaint alleging legal malpractice is barred by the applicable statute of limitations. We affirm.

## Facts and Procedural History

[2]  In February 2010, French hired Lockwood to represent him in a post-conviction proceeding. French paid Lockwood a retainer fee of $24,981.25. On September 23, 2011, Lockwood filed both an appearance with the post-conviction court and French's petition for post-conviction relief. Thereafter, Lockwood did nothing on French's behalf, and Lockwood did not maintain contact with French. Accordingly, in June 2015, French wrote Lockwood a letter stating that he was "prepared to file a civil law suit" against Lockwood if Lockwood did not either "work [his] case or refund [his] money" within fifteen days of the date of the letter. Appellant's App. Vol. II at 77. After French received no response to his letter, he filed a complaint against Lockwood with the Indiana Supreme Court Disciplinary Commission.[1] French then hired another attorney, who filed an appearance with the post-conviction court on February 5, 2016. On February 19, 2016, Lockwood filed with the post-conviction court his motion for leave to withdraw his appearance for French.

[3]  On February 21, 2018, French filed a complaint against Lockwood alleging legal malpractice. On June 4, Lockwood filed a motion to dismiss under Indiana Trial Rule 12(B)(6) alleging that French's complaint was barred by the

---

[1] According to French, in March 2016, the Disciplinary Commission dismissed his complaint against Lockwood.

applicable two-year statute of limitations. On July 30, the trial court held a hearing on Lockwood's motion to dismiss. The court permitted the parties to introduce evidence at the hearing and converted the motion to dismiss to a motion for summary judgment. On August 27, the trial court granted summary judgment in favor of Lockwood. This appeal ensued.

## Discussion and Decision

[4] French contends that the trial court erred when it granted summary judgment in favor of Lockwood.[2] The Indiana Supreme Court has explained that

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[5] The statute of limitations for a claim of legal malpractice is two years. Ind. Code § 34-11-2-4 (2018). Legal malpractice actions are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary

---

[2] Here, at the hearing on Lockwood's motion to dismiss, French asked the trial court whether he could call witnesses to testify on his behalf. Lockwood objected and stated that he did not want his motion to dismiss to be converted to a summary judgment motion. The trial court permitted French to call witnesses over Lockwood's objection. Accordingly, the motion to dismiss was converted to a summary judgment motion. Ind. Trial Rule 12(B).

diligence could have discovered, that he had sustained an injury as the result of the tortious act of another. *Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), *trans. denied*. For a cause of action for legal malpractice to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Myers v. Maxson*, 51 N.E.3d 1267, 1276 (Ind. Ct. App. 2016), *trans. denied*.

[6] Here, in June 2015 French wrote Lockwood a letter stating in relevant part that he was "prepared to file a civil law suit" against Lockwood. Appellant's App. Vol. II at 77. And on August 30, 2015, French filed a complaint against Lockwood with the Disciplinary Commission seeking an investigation into Lockwood's alleged failure to communicate with French. Accordingly, as of August 30, 2015, at the latest, French knew that he had sustained an injury as a result of Lockwood's conduct, and the two-year statute of limitations began to run. *See Biomet*, 791 N.E.2d at 765. However, French did not file his legal-malpractice complaint against Lockwood until February 21, 2018, well more than two years later. Accordingly, under the discovery rule, French's complaint was time-barred as a matter of law.

[7] Still, French contends that his complaint was timely filed under the continuous representation doctrine. The continuous representation doctrine is "an exception to [the] discovery rule" and provides that "the statute of limitations does not commence until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred." *Biomet*, 791

N.E.2d at 765, 767. "In a situation where the attorney continues to represent the client in the same matter in which the alleged malpractice occurred, the date of accrual begins at the termination of an attorney's representation of a client in the same matter in which the alleged malpractice occurred." *Id.* at 767

[8] The attorney-client relationship is consensual. *See Douglas v. Monroe*, 743 N.E.2d 1181, 1184 (Ind. Ct. App. 2001). As such, absent an agreement to the contrary, either the attorney or the client may unilaterally terminate the relationship by withdrawing his consent at any time. Here, the evidence shows that the attorney-client relationship between French and Lockwood had broken down as early as June or July of 2011, when Lockwood last had any communication with French, and there is no evidence that Lockwood did anything on French's behalf to represent him in the PCR proceeding thereafter. Indeed, it was Lockwood's failure to communicate with French that caused French to file a complaint with the Disciplinary Commission in 2015. And French hired a new attorney, Daniel Whitehead, who filed his appearance with the PCR court on February 5, 2016. Thus, it appears that French terminated the attorney-client relationship with Lockwood as early as 2015 or, at the latest, by February 5, 2016.

[9] But French maintains that Lockwood continued to represent him even after French had hired Whitehead. At the summary judgment hearing, French stated as follows: "Lockwood never ever made a motion to withdraw his appearance on my case until February of 2016. So he was my attorney o[f] record until then. So I have not missed my time period to file a suit against

him." Tr. at 11. Thus, while French does not acknowledge having fired Lockwood, by French's own admission the attorney-client relationship terminated, at the latest, on February 19, 2016, when Lockwood filed his motion for leave to withdraw his appearance.

[10] In his brief on appeal, French asserts that his complaint filed on February 21, 2018, was timely under the continuous representation doctrine. We cannot agree. French filed his complaint on February 21, 2018, which was two years and two days after the latest possible date that his attorney-client relationship with Lockwood had terminated. Thus, French's complaint was untimely as a matter of law. The trial court did not err when it entered summary judgment for Lockwood on French's complaint.

[11] Affirmed.

Baker, J., and Robb, J., concur.