

FILED

Jan 17 2020, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey O. Meunier
Carmel, Indiana

ATTORNEY FOR APPELLEE

Christopher D. Wyant
Wyant Law Office, LLC
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Shannon Gehlhausen f/k/a
Shannon Logan, and Brandon
Gehlhausen,

*Appellants-Plaintiffs,*

v.

Indiana Foundation Service,
Inc.,

*Appellee-Defendant.*

January 17, 2020

Court of Appeals Case No.
19A-CT-842

Appeal from the Hamilton
Superior Court

The Honorable Richard Campbell,
Judge

Trial Court Cause No.
29D04-1603-CT-2114

**Shepard, Senior Judge.**

[1]     In purchasing their new home, Shannon and Brandon Gehlhausen acquired a warranty the sellers had earlier received from Indiana Foundation Service, Inc., a firm the sellers had engaged to evaluate and repair a bowing basement wall that permitted leakage.

[2] After living in the home for a year and experiencing ongoing leakage, the Gehlhausens sued three parties: the sellers, a home inspection firm, and Indiana Foundation. Only the last of these defendants is still in the litigation.

[3] After three years of discovery and preliminary proceedings, the trial court granted Indiana Foundation summary judgment. The motion for summary judgment relied on evidence that the wall had not bowed since the repair, which was the promise made in the warranty. The homeowners said in depositions that they had no knowledge about whether the wall had bowed since Indiana Foundation's repair.

[4] We conclude that this meant there was no genuine issue of fact and that the trial court was correct to grant judgment to Indiana Foundation.

# Case History

[5] In 2014, Daniel and Megan Murphy discovered water infiltration in their house's basement and hired Indiana Foundation Service to investigate. IFS discovered that the basement's east wall was bowing inward. It recommended installing a wall anchor system to stabilize the wall and also initially recommended a waterproofing system to address infiltration. During a second visit to the house, an IFS representative indicated the waterproofing system would not be needed, stating that the wall anchor system should also prevent water infiltration. As a result, the Murphys approved the wall anchor system but not the waterproofing system.

[6]     IFS installed the wall anchor system on the east wall in September 2014 and issued a warranty against further movement by that wall.  The warranty was transferable with the property, and we discuss its terms in more detail below.

[7]     In January 2015, the Murphys put their home up for sale.  The Gehlhausens wanted to buy the house, and the parties negotiated a purchase agreement.  During the sale process, the Gehlhausens hired Indy Pro Inspection Service, Inc. to inspect the house and prepare a report.

[8]     On March 13, 2015, the Murphys and the Gehlhausens closed on the sale.  The Murphys disclosed the wall anchor system and the warranty to the Gehlhausens.  After the Gehlhausens moved in, water infiltrated the basement during rains, flowing from the east wall to the opposite end of the basement.

[9]     On March 10, 2016, the Gehlhausens sued the Murphys, IFS, and Indy Pro.  They alleged that the Murphys defrauded them, that IFS breached its warranty, and that Indy Pro was negligent.  Indy Pro filed a motion to dismiss, which the trial court granted with prejudice.  The Gehlhausens later filed a stipulation of dismissal for their claim against the Murphys.

[10]    Meanwhile, IFS filed a motion for summary judgment, and the Gehlhausens responded.  On February 15, 2019, the trial court granted IFS's motion after a hearing.  This appeal followed.

# Analysis

[11] Orders for summary judgment are reviewed de novo, and we apply a similar standard of review as the trial court. *AM Gen. LLC v. Armour*, 46 N.E.3d 436 (Ind. 2015). The movant must show "there is no genuine issue as to any material fact" and an entitlement to judgment as a matter of law. Ind. Trial Rule 56(C). Upon this showing, the nonmoving party then has the burden to demonstrate that there is a genuine issue of material fact. *AM Gen.*, 46 N.E.3d 436. "An issue of material fact 'is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth.'" *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014) (quoting *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009)). We construe reasonable inferences in favor of the nonmoving party. *Id.*

[12] "'Any action based on breach of warranty requires evidence showing not only the existence of the warranty but that the warranty was broken and that the breach of warranty was the proximate cause of the loss sustained.'" *Frantz v. Cantrell*, 711 N.E.2d 856, 860 (Ind. Ct. App. 1999) (quoting *Richards v. Goerg Boat and Motors, Inc.*, 179 Ind. App. 102, 109, 284 N.E.2d 1084, 1090 (Ind. Ct. App. 1979), overruled in part on other grounds by *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947 (Ind. 2005)).

[13] Indiana Foundation does not dispute that its warranty transferred from the Murphys to the Gehlhausens with the sale of the house. The Gehlhausens acknowledge that the warranty is limited to protecting against "further inward

movement of the east wall of the basement." Appellants' Br. p. 9. More specifically, the warranty provides in relevant part:

> Contractor hereby warrants that the wall anchors will stop further inward movement of the wall(s) repaired for twenty-five (25) years from the date of installation, or else Contractor will provide the labor and materials, at no cost to Customer, to correct the problem with the wall anchors. Walls that are not anchored entirely from corner to corner, by Contractor, are not warranted. Anchors are warranted only to stabilize the affected wall(s) and not straighten them [sic]. If Customer desires further outward movement in the wall(s) repaired, Customer may tighten the installed anchors as recommended by the manufacturer, but assumes all liability for damages due to over-tightening of the anchors.

Appellants' App. Vol. 2, p. 117. Notably, the warranty does *not* address water infiltration.

[14] In support of its motion for summary judgment, IFS designated portions of the Gehlhausens' deposition testimony conceding that they had no personal knowledge that IFS's wall anchors were substandard or defective. *Id.* at 44, 68. In addition, Brandon Gehlhausen agreed he "did not know of any witnesses" who would say that IFS's work was substandard or defective, and Shannon Gehlhausen was not aware of any evidence that would suggest the anchoring system was defectively installed or failing. *Id.* at 44, 68. This evidence established a prima facie case that there was no dispute of material fact as to whether IFS breached the warranty.

[15] As a result, the Gehlhausens bore the burden of identifying a dispute of material fact as to whether the anchor system failed to stabilize the basement wall. They designated an affidavit and a report from Daniel Johnson, an engineer. He stated, in relevant part:

> 4. In my opinion the east wall of the basement has shifted into the basement and the wall is not serviceable.
>
> 5. In my opinion the wall needs to be replaced or repaired and the owners are facing significant costs to remedy the defective condition of the wall.

*Id.* at 123.

[16] To be sure, Johnson concludes that IFS's work was not adequate to fix structural issues in the basement, and he proposes additional solutions in his report. But our focus is on the terms of the warranty, and Johnson says nothing about whether the wall shifted into the basement before or after IFS installed its wall anchor system. Without evidence as to whether the wall anchor system failed, the Gehlhausens have failed to present a different account of events that would require a resolution by a trier of fact. As Chief Justice Rush observed for a unanimous court in *Hughley*, even a "perfunctory and self-serving affidavit" by a non-movant may defeat summary judgment if it specifically controverts the facts offered by the moving party. 15 N.E.3d at 1004 (defendant's affidavit sufficient to establish dispute of fact; defendant directly, if summarily, disputed State's claim that his money and car were involved in drug dealing). The affidavit by the Gehlhausens' engineer did not do so.

[17]     For the reasons stated above, we affirm the judgment of the trial court.

[18]     Affirmed.

Baker, J., and Najam, J., concur.