FILED
May 01 2026, 8:40 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



I N  T H E

# Court of Appeals of Indiana

George Lane,

*Appellant-Plaintiff*

v.

Lloyd Arnold, DOC Commissioner, and Shane McHenry, Dearborn County Sheriff,

*Appellees-Defendants*

---

May 1, 2026

Court of Appeals Case No.
25A-PL-2925

Appeal from the Dearborn Superior Court

The Honorable Sally A. McLaughlin, Judge

Trial Court Cause No.
15D02-2408-PL-22

---

**Opinion by Judge Mathias**
Judges May and Felix concur.

**Mathias, Judge.**

[1] Following his 2008 conviction for Class C felony child molesting, George Lane was required to register as a sex offender in Indiana for ten years. Near the end of that ten-year period but still within it, he moved to Kentucky, which required him to register for life as a sex offender on its registry based on his 2008 Indiana conviction. Lane did so. He then moved back to Indiana, and Indiana officials informed him that, due to his lifetime registration in Kentucky, he was now required to register as a sex offender for life in Indiana.

[2] Lane sought declaratory relief on his Indiana sex-offender registration requirement. The trial court entered summary judgment in favor of Lloyd Arnold, in his official capacity as the Commissioner of the Indiana Department of Correction,[1] and Shane McHenry, in his official capacity as the Sheriff of Dearborn County. Lane now appeals and raises a single issue for our review, which we restate as whether the trial court's entry of summary judgment is contrary to law.

[3] We affirm.

---

[1] Lane's complaint named Christina Reagle, the now-former Commissioner of the Department of Correction, as a defendant, but we have substituted Arnold for Reagle in accordance with Indiana Appellate Rule 17(C).

## Facts and Procedural History

In 2008, Lane pleaded guilty to Class C felony child molesting of a thirteen-year-old relative, which offense occurred in Indiana. At the time of his guilty plea, Indiana law required him to register as a sex offender for a period of ten years. He began his period of registration in Indiana in December 2008.

Sometime in 2017 or 2018, Lane began working in Walton, Kentucky, while living in Dillsboro, Indiana. Around May 2018, Lane began living in Kentucky. His employment and residence in Kentucky required him to register as a sex offender there as well, which he did. Under Kentucky law, Lane's 2008 Indiana conviction made him a lifetime registrant on Kentucky's sex-offender registry.

Around May 2019, Lane left his residence in Kentucky and returned to Indiana. On May 29, he executed a "Move Out" form for his Kentucky sex-offender registration. Appellant's App. Vol. 2, p. 170 (some capitalization removed). Among other advisements, the Move Out form stated that Lane:

> will be required to periodically verify [his] residence addresses by completing and returning the address verification form that is sent by the Kentucky State Police[; that *he] must return* to the local probation and parole office *not less than one (1) time every two (2) years* in order for a new photograph of [him] to be obtained[; that his] failure to comply with any portion of this law is a Class D felony for the first offense and a Class C felony for each subsequent offense[; and that *he] will be notified by the Department of Kentucky State Police by mail once [his] duty to register as a sex offender in Kentucky has expired*.

*Id.* (emphases added).

After returning to Indiana, state officials informed him that he was now required to register for life here based on his similar registration requirement in Kentucky. Lane sought administrative review of that decision within the Department of Correction, noting that he no longer appeared on Kentucky's public-facing registry. The Department of Correction denied Lane's request, stating that, "[a]lthough you may not be showing on [Kentucky's] public website, Kentucky notified our department that you have a Lifetime requirement" there. *Id.* at 176.

Lane then filed a complaint for declaratory relief against the Commissioner of the Department of Correction and his local Sheriff. In his complaint, Lane sought to clarify whether he is required under Indiana law to now register as a sex offender for life. The parties cross-moved for summary judgment, and, after a hearing, the trial court entered summary judgment for the Commissioner and the Sheriff.

This appeal ensued.

## Standard of Review

Lane appeals the trial court's entry of summary judgment for the Commissioner and the Sheriff. As our Supreme Court has made clear:

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*).

[11] Summary judgment is particularly appropriate where, as here, the sole question between the parties is a question of statutory interpretation. *See, e.g.*, *City of Marion v. London Witte Grp., LLC*, 169 N.E.3d 382, 390 (Ind. 2021). Further, the fact that the parties have filed cross-motions for summary judgment neither alters our standard of review nor changes our analysis—we consider each motion separately to determine whether the moving party is entitled to

judgment as a matter of law. *Erie Indem. Co. v. Estate of Harris*, 99 N.E.3d 625, 629 (Ind. 2018).

## Discussion and Decision

[12] The Indiana Supreme Court recently clarified the law relevant to Lane's appeal. In *Peters v. Quakenbush*, 260 N.E.3d 919 (Ind. 2025), the Court considered whether a sex offender who originally had a ten-year registration requirement was required to register for life after he had moved out of state but then returned to Indiana. In particular, in 2013, Peters was convicted in Illinois of a sex offense that came with a ten-year registration requirement in that state. In 2016, he moved to Indiana, was informed that he had a ten-year registration requirement here as well, and registered on our sex-offender registry accordingly.

[13] In 2021, Peters moved back to Illinois. While living there, he "vacationed" in Florida. *Id.* at 921. Under Florida law, an out-of-state sex offender is required to register on Florida's registry if they are in Florida for "three days or more." *Id.* The Florida registration requirement was "for . . . life." *Id.* (quotation marks omitted). Peters complied with his Florida registration requirement, returned to his home in Illinois, and, in 2022, moved back to Indiana. Indiana officials then informed him that, because he was a lifetime registrant in Florida, he was required to register for life on Indiana's registry as well.

[14] The relevant statute, referred to by our Supreme Court as the Jurisdiction Statue, is Indiana Code section 11-8-8-19(f) (2024), which states: "A person

who *is required to register* as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer." (Emphasis added.) In applying the Jurisdiction Statute to Peters, our Supreme Court first analyzed Peters's current Florida registration requirements. In doing so, the Court concluded that, while Peters had an initial registration obligation upon the commencement of his vacation in Florida, upon leaving Florida and returning to Illinois, his Florida registration requirements came to an end, and Peters had no ongoing Florida registration obligations. *Peters*, 260 N.E.3d at 924-26. Thus, the Court concluded, the Jurisdiction Statute, which uses the present tense "is required," could not apply to Peters. *Id.*

[15] The Court further held that the Jurisdiction Statute's use of the Indiana term of art "to register" means that the person has an "in-person" registration obligation in the foreign jurisdiction. *Id.* at 926-27 (citing I.C. § 11-8-8-4 (which states that "register" means "to report in person . . . .")). Again assessing Peters's obligations under Florida law, the Court concluded that he also had no "in-person" registration obligations there. *Id.* at 927-28. Accordingly, the Court concluded that the Jurisdiction Statute did not apply to Peters.

[16] Lane argues that he "is in the exact same position as the registrant in *Peters* . . . ." Appellant's Br. at 9. But Lane is mistaken. Again, our Supreme Court's analysis in *Peters* shows that the Jurisdiction Statute applies to an offender in Indiana if that offender has a current, in-person registration obligation in another state. And Lane has that. His Move Out form with

Kentucky officials made clear that Lane "must return to the local [Kentucky] probation and parole office not less than one (1) time every two (2) years in order for a new photograph of [him] to be obtained" by Kentucky officials to keep their records up to date. Appellant's App. Vol. 2, p. 170. That is an ongoing, in-person requirement under Kentucky's registration laws, and, therefore, Indiana's Jurisdiction Statute applies to him.[2]

[17] Still, Lane also argues that the Move Out form simply contains non-legal advisements, and his only *legal* obligation in Kentucky was his initial duty to register. We are not persuaded for two reasons. First, Kentucky law does discuss ongoing informational requirements of registrants. Indeed, the Move Out form, both at the time Lane signed it and currently, was a near-verbatim recitation of Kentucky Statute section 17.510(4) (2019) with respect to Lane's in-person photograph requirement.[3]

---

[2] In a separate opinion concurring in part and concurring in the judgment with the *Peters* majority, Justice Molter noted "three areas where, without further legislative clarification, courts may continue to struggle interpreting" the Jurisdiction Statute. *Peters*, 260 N.E.3d at 928 (Molter, J., concurring in part and concurring in the judgment). We take particular note of Justice Molter's concern that the Jurisdiction Statute could raise constitutional issues. *Id.* at 930-31. Justice Molter's concern focused on possible disparate treatment of similarly situated Hoosiers under Indiana's Privileges and Immunities Clause. *Id.* (discussing Ind. Const. art. 1, § 23). The Jurisdiction Statute might also raise concerns under the fundamental right to travel, which is protected by the United States Constitution. *See, e.g.*, *United States v. Guest*, 383 U.S. 745, 757-59 (1966). Such constitutional concerns might be alleviated by a statutory amendment that limits the Jurisdiction Statute to those who—like Lane—establish a permanent residency in another state before returning to Indiana.

[3] In his Reply Brief, Lane argues that Kentucky's statutes cannot apply to him because they refer to registration obligations being carried out in the registrant's "county of residence, employment, vocation, or schooling," which, obviously, he does not have there. Reply Br. at 5-6. But Lane misreads Kentucky's statutes. The statutory in-person photograph obligation is found in section 17.510(4) and states that the registrant "shall return to the appropriate local probation and parole office . . . ." We think it is plain that that requirement, as applied to someone who used to live in Kentucky and then moves out of Kentucky, is speaking to the registrant's former county of residence, employment, vocation, or schooling. *See id.* To be

[18]     Second, our Supreme Court's analysis in *Peters* is directly on point regarding such ongoing requirements. Lane's argument that only the moment of initial registration is what matters under the Jurisdiction Statute would render the statute meaningless for every offender who moves into Indiana after having registered elsewhere.

[19]     Lane also suggests that he is not a registrant in Kentucky at all anymore because he does not appear on Kentucky's public-facing registry. But the Department of Correction informed Lane that, nonetheless, Kentucky still had him on their registry as a lifetime registrant. Further, the Move Out form tells Lane what is required for him to avoid the Jurisdiction Statute: a notification from the Kentucky State Police that his Kentucky registration obligations have "expired." *Id.* Lane did not designate any such notification to the trial court on summary judgment. Accordingly, the trial court properly denied his motion for summary judgment and properly granted summary judgment for the Commissioner and the Sheriff.

[20]     For all of these reasons, we affirm the trial court's summary judgment decisions.

[21]     Affirmed.

---

sure, if Lane believes he has no current, in-person registration obligations in Kentucky, he can seek declaratory judgment there.

May, J., and Felix, J., concur.


ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana


ATTORNEYS FOR APPELLEE COMMISSIONER LLOYD ARNOLD

Theodore E. Rokita
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana